Mike Arias (SBN 115385)
  mike@aswtlawyers.com
Alfredo Torrijos (SBN 222458)
  alfredo@aswtlawyers.com
Craig S. Momita (SBN 163347)
  craig@aswtlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Tel: (310) 844-9696 / Fax: (310) 861-0168

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH NADERI, an individual, on behalf of himself and all others similarly situated; MAGDY SEDRA, an individual, on behalf of himself and all others similarly situated; RODNEY PHILIPPI, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GARFIELD BEACH CVS, L.L.C., a California limited liability company; LONGS DRUG STORES CALIFORNIA, L.L.C., a California limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-05287 FLA (AFMx)<br><br>Hon. Fernando L. Aenlle-Rocha<br>Courtroom: 6B<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT**<br><br>1. **FAILURE TO REIMBURSE EMPLOYEE EXPENSES [LAB. CODE § 2802]**<br><br>2. **UNFAIR COMPETITION [BUS. & PROF. CODE § 17200, *et seq*.]**<br><br>3. **UNLAWFUL NON-PAYMENT OF OVERTIME COMPENSATION (LAB. CODE §§ 200, 202, 203, 226, 500, 510, 558, 1194, 1198; TITLE 8 CAL. CODE REGS. § 11070; *Sav-On Drug Stores Inc. v. Superior Court* (2004) 34 Cal.4th 319)**<br><br>4. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED (LAB. CODE §§ 200. 226. 500. 510.** |

**SECOND AMENDED COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS LLP

ARIAS SANGUINETTI WANG & TORRIJOS LLP

1

1194, 1198; **TITLE 8 CAL. CODE OF REG., §11070)**

2

5. **UNFAIR BUSINESS ACTS AND PRACTICES (BUS. & PROF. CODE §§ 17200, ET SEQ.)**

3

4

5. **FAILURE TO PAY WAGES UPON DISCHARGE (LAB. CODE §§ 201, 203)**

5

6

6

7. **FAILURE TO PROVIDE MEAL BREAKS (LAB. CODE §§ 226.7, 512)**

7

8

8. **FAILURE TO PROVIDE REST BREAKS (LAB. CODE § 226.7)**

9

10

9. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS (Labor Code §§ 226, 226.3, 558, et seq., 1174)**

11

12

13

10.      **PENALTIES PURSUANT TO LABOR CODE PRIVATE ATTORNEYS GENERAL ACT ("PAGA") [Lab. Code §§ 2698, et seq.]**

14

15

16

17

18

19

20

## JURISDICTION AND VENUE

21

1.      This Court has jurisdiction over this action pursuant to Code of

22

Civ. Proc. § 410.10 because Plaintiffs KAVEH NADERI ("Naderi"), MAGDY

23

SEDRA ("Sedra"), and RODNEY PHILIPPI ("Philippi") are residents of the

24

State of California, and Defendants GARFIELD BEACH CVS, L.L.C., a

25

California limited liability company; LONGS DRUG STORES CALIFORNIA,

26

L.L.C., a California limited liability company; and DOES 1 through 100,

27

28

**SECOND AMENDED COMPLAINT**

(collectively "Defendant" or "Defendants"), are qualified to do business in California and regularly conduct business in California.

2.      Venue is proper in this judicial district pursuant to Code of Civ. Proc. §§ 395 and 395.5 because Plaintiffs, and other persons similarly situated, performed work for Defendants in the County of Los Angeles, Defendants maintain offices and facilities and transact business in the County of Los Angeles, and because Defendants' unlawful policies and practices that are the subject of this action were applied, at least in part, to Plaintiffs, and other persons similarly situated, in the County of Los Angeles.

### PLAINTIFFS

3.      The Class that Plaintiff Sedra seeks to represent on the misclassification, unpaid overtime and derivative claims (the "Class"), comprises the following persons: *All individuals employed by Defendants as Store Manager in California at any time within four (4) years of the filing of the class action complaint in the matter captioned Parker, et al. v. Garfield Beach CVS LLC, Los Angeles Superior Court Case No. BC547735 filed on June 5, 2014 and/or earlier dates based on other class action cases alleging the same or similar misclassification and unpaid overtime claims/causes of action as alleged herein against Defendants and who are not subject to arbitration agreements containing class action waivers.*

4.      More than two thirds of the members of the Class are citizens of California.

5.      At all relevant times herein mentioned, Plaintiff Kaveh Naderi was employed by Defendants from approximately 2012 to 2020 as a Store Manager in Defendants' Stores in California, including, but not limited to, Store No. 9605 in Northridge, California, Store No. 8030 in Van Nuys, California, and Store No. 9706 in Northridge; California and was a member of the Class identified in paragraphs 3 and 4, above.

ARIAS SANGUINETTI WANG & TORRIJOS LLP

6.    At all relevant times herein mentioned, Plaintiff Magdy Sedra was employed by Defendants from approximately 2009 to 2019 as a Store Manager in Defendants' Stores, including, but not limited to, Store No. 6710 in Ladera Ranch, California, Store No. 9725 in Orange, California, and; Store No. 8877 in Tustin, California; and was a member of the Class identified in paragraphs 3 and 4, above.

7.    At all relevant times herein mentioned, Plaintiff Rodney Philippi was an individual residing in the State of California, was employed by Defendants in California; and was a member of the Class identified in paragraphs 3 and 4, above.

## CLASS ALLEGATIONS

8.    The persons who comprise the Class are so numerous that joinder with all such persons is impracticable and the disposition of these claims will benefit the parties and the Court. The claims of Plaintiff Sedra are typical of the claims of the Class. Plaintiff Sedra will fairly and adequately protect the interests of the Class. Plaintiff Sedra does not have any interests that are antagonistic to the Class. Counsel for Plaintiffs are experienced, qualified, and generally able to conduct complex class action litigation.

9.    This Court should permit this action to be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

a.    The questions of law and fact common to the Class predominate over any question affecting only individual members;

b.    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

c.    The members of the Class are so numerous that it is impractical to bring all members of the Class before the Court;

d.    Plaintiff Sedra and the other members of the Class will not

SECOND AMENDED COMPLAINT

1    be able to obtain effective and economic legal redress unless the action is

2    maintained as a class action;

3        e.    There is a community of interest in obtaining appropriate

4    legal and equitable relief for the common law and statutory violations and

5    other improprieties alleged herein, as well as in obtaining adequate

6    compensation for the damages and injuries for which Defendants are

7    responsible in an amount sufficient to adequately compensate the members of

8    the Class for the injuries sustained;

9        f.    Without class certification, the prosecution of separate

10   actions by individual members of the Class would create a substantial risk of

11   the following:

12        i.    Inconsistent or varying adjudications with respect to

13   individual members of the Class that would establish incompatible standards of

14   conduct for Defendants, and/or

15        ii.    Adjudications with respect to the individual members

16   that would, as a practical matter, be dispositive of the interests of other

17   members not parties to the adjudications, or would substantially impair or

18   impede their ability to protect their interests, including but not limited to the

19   potential for exhausting the funds available from those parties who are, or may

20   be, responsible Defendants; and

21        g.    Defendants have acted, or refused to act, on grounds that are

22   generally applicable to the Class, thereby making final injunctive relief

23   appropriate with respect to the Class as a whole.

24                    **DEFENDANTS**

25   10.    Plaintiffs are informed and believe, and based on that information

26   and belief allege, that Defendant GARFIELD BEACH CVS, L.L.C. is, and at

27   all relevant times herein mentioned:

28        a.    Was a duly organized California limited liability company;

ARIAS SANGUINETTI WANG & TORRIJOS LLP

**SECOND AMENDED COMPLAINT**

b.      Was duly qualified to conduct business, and was conducting business, in the State of California, including the County of Los Angeles; and

c.      Had its principal place of business in California.

11.     Plaintiffs are informed and believe, and based on that information and belief allege, that Defendant LONGS DRUG STORES CALIFORNIA, L.L.C. is, and at all relevant times herein mentioned:

a.      Was a duly organized California limited liability company;

b.      Was duly qualified to conduct business, and was conducting business, in the State of California, including the County of Los Angeles; and

c.      Had its principal place of business in California.

12.     The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of Defendants Does 1 through 100, inclusive ("Doe Defendants"), are unknown to Plaintiffs who therefore sue these Doe Defendants by such fictitious names pursuant to *Code of Civ. Proc.* § 474.  Plaintiffs will seek leave to amend this complaint to allege their true names and capacities when they are ascertained.

13.     Plaintiffs are informed and believe, and based on that information and belief alleges, that each of the Defendants named in this complaint, including each of the Doe Defendants, is responsible in some manner for one or more of the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

14.     Plaintiffs are informed and believe, and based on that information and belief allege, that each of the Defendants named in this complaint, including each of the Doe Defendants, is, and at all relevant times herein mentioned was, the agent, servant, and/or employee of each of the other Defendants, and that each Defendant was acting within the course and scope of his, her, or its authority as the agent, servant, and/or employee of each of the other Defendants.  Consequently, each Defendant is jointly and severally liable

**SECOND AMENDED COMPLAINT**

to Plaintiffs and the other members of the Class for the damages sustained as a proximate result of their conduct.

**FIRST CAUSE OF ACTION**

**FAILURE TO REIMBURSE EMPLOYEE EXPENSES**

**[Labor Code § 2802]**

**(By Plaintiff Sedra and the Class Against all Defendants)**

15.    Plaintiff Sedra refers to and incorporates all of the paragraphs of the complaint as though fully set forth herein.

16.    Pursuant to California Labor Code section 2802, Defendants are required to reimburse Plaintiff Sedra and the other members of the Class for expenses incurred by them in the performance of their job duties (which may include but are not limited to the following expenses: vehicle usage and mileage and cell phone usage).

17.    At all times relevant herein mentioned, Defendants had a policy and procedure whereby Plaintiff Sedra and the other members of the Class were required to personally incur and pay for said expenses during the performance of their employment duties, all without reimbursement from Defendants.  Plaintiff Sedra and other members of the Class were required to be available for contact by their supervisors and Defendants by text, email and cell phone during working hours, or outside of working hours including at their homes, and were required to be available for meetings by cell phone, including by cell phone apps, and were also required to take photographs of store conditions for transmittal to their supervisors and employer upon request. Plaintiff Sedra and other members of the Class were also required to drive their personal vehicles to meetings convened by their supervisors and Defendants, or to visit and inspect other stores in their districts, including during the Christmas season on "reindeer runs" at their own expense.   Accordingly, Defendants failed to reimburse Plaintiff Sedra and the other members of the

**SECOND AMENDED COMPLAINT**

1    Class for business expenses incurred as a condition of and in the performance

2    of their job duties, as described above.

3        18.    As a proximate result of the aforementioned violations, Plaintiffs

4    and the other members of the Class have suffered damages in amounts

5    presently unknown to them but which exceed the jurisdictional limits of this

6    Court and which will be ascertained according to proof at trial.

7        19.    Pursuant to Labor Code section 2802, Plaintiffs and the other

8    members of the Class are further entitled to recover from Defendants, in

9    addition to the full amount of the expenses they incurred in the course of their

10   job duties, interest thereon and reasonable attorney's fees and costs.

### SECOND CAUSE OF ACTION

### FOR UNFAIR COMPETITION

**[*Business & Professions Code* §§ 17200, *et seq.*]**

**(By Plaintiffs Sedra and the Class Against all Defendants)**

15       20.    Plaintiff Sedra refers to and incorporates all of the paragraphs of

16   the complaint as though fully set forth herein.

17       21.    Defendants fall within the definition of "person" under *Business &*

18   *Professions Code* § 17021.

19       22.    By and through the conduct described herein, Defendants engaged

20   in unfair, unlawful, and fraudulent practices, in violation of *Business &*

21   *Professions Code* §§ 17200, *et seq.*, and thereby deprived Plaintiffs and the

22   other members of the Class of fundamental rights and privileges guaranteed to

23   all California employees under the *Labor Code*.

24       23.    By and through their unfair, unlawful, and fraudulent business

25   practices described herein, Defendants obtained valuable property, money, and

26   services from Plaintiff Sedra and the other members of the Class, by its failure

27   to reimburse employee expenses, and thereby deprived them of valuable rights

28   and benefits guaranteed by law, all to their detriment.

**SECOND AMENDED COMPLAINT**

24.    All of the acts described herein as violations of, among other things, the *Labor Code* and *Industrial Welfare Commission Wage Orders*, are unlawful and in violation of public policy.  Said acts are in addition immoral, unethical, oppressive, and unscrupulous, constituting unfair, unlawful, and fraudulent business practices in violation of *Business & Professions Code* §§ 17200, *et seq.*

25.    Plaintiff Sedra and the other members of the Class are entitled to, and do seek, such relief as may be necessary to restore to them the money and property that Defendants have unfairly, unlawfully, and fraudulently acquired from them by means of the above-described business practices.

26.    Plaintiff Sedra and the other members of the Class are further entitled to, and do, seek a declaration that the above-described business practices are unfair, unlawful, and fraudulent and that injunctive relief should issue restraining Defendants from engaging in any of the above-described unfair, unlawful, or fraudulent business practices in the future.

27.    Plaintiff Sedra and the other members of the Class have no plain, speedy, or otherwise adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair, unlawful, and fraudulent business practices of Defendants.  As a result of the unfair, unlawful, and fraudulent business practices described herein, Plaintiff Sedra and the other members of the Class have suffered and will continue to suffer irreparable harm unless Defendants are restrained from continuing to engage in these unfair, unlawful, and fraudulent business practices.  In addition, Defendants should be required to pay restitution of the unpaid wages to Plaintiff Sedra and the other members of the Class.

///

///

///

SECOND AMENDED COMPLAINT

**THIRD CAUSE OF ACTION**

**UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION**

**(By Plaintiff Sedra and the Class Against all Defendants)**

**(Labor Code §§ 200, 226, 510, 558, 1194; Title 8 Cal. Code of Reg., §**
**11070)**

28.    Plaintiff Sedra refers to and incorporates all of the paragraphs of the complaint as though fully set forth herein.

29.    Title 8 of California Code of Regulations § 11070, which applies to the grocery retail industry in which Defendants are engaged, and in particular, subparagraph 3(A), requires Defendants to pay to each employee who works in a non-administrative capacity and who works more than forty (40) hours in a workweek, overtime compensation of one and one-half (1 ½) times such employee's regular rate of pay for all hours worked in excess of forty (40) hours.

30.    Title 8 of California Code of Regulations § 11070, subparagraph 1(A)(1), defines an employee employed in administrative, executive or professional capacity as an employee engaged in work which is primarily, that is more than one-half of the employee's work time, intellectual, managerial, or creative, and which requires the exercise of discretion and independent judgment.

31.    Within four (4) years of the filing of the class action complaint in the matter captioned *Parker, et al. v. Garfield Beach CVS LLC*, Los Angeles Superior Court Case No. BC547735 filed on June 5, 2014 and/or earlier dates based on other class action cases alleging the same misclassification and unpaid overtime claims/causes of action as alleged herein against Defendants and also brought on behalf of Defendants' store managers, which have been filed and are to be discovered, Plaintiff Sedra and other members of the Class

ARIAS SANGUINETTI WANG & TORRIJOS LLP

**SECOND AMENDED COMPLAINT**

were employed by Defendants in a non-administrative, executive or professional capacity, as defined by Title 8 California Code of Regulations § 11070, though said job title was that of store manager, or similar title.

32.    Within four (4) years of the filing of the class action complaint in the matter captioned *Parker, et al. v. Garfield Beach CVS LLC*, Los Angeles Superior Court Case No. BC547735 filed on June 5, 2014 and/or earlier dates based on other class action cases alleging the same misclassification and unpaid overtime claims/causes of action as alleged herein against Defendants and also brought on behalf of Defendants' store managers, which have been filed and are to be discovered, Plaintiff Sedra and other members of the Class were employed by Defendants in a non-administrative, executive or professional capacity, as defined by Title 8 California Code of Regulations § 11070, though said job title was that of store manager, or similar title, Plaintiff Sedra and other members of the Class worked more than forty (40) hours per workweek.   Plaintiff Sedra and other members of the Class employed by Defendants in a non-administrative, executive or professional capacity, as defined by Title 8 California Code of Regulations § 11070, and was required to work and did work over forty hours per workweek.   Plaintiff Sedra spent or presently spend more than 50% of his/her time in activities not directly or closely related to managerial duties.   Plaintiff Sedra and other members of the Class required to run the cash register as a store clerk, bag groceries, stock shelves with freight, receive inventory, unload trucks, break down loads, build merchandise displays and end caps, set planograms, do store recovery, pick up go-backs, drive and make bank deposits, order inventory, receive vendors, front and face shelving stock, count out of stocks, clean and scrub the store and bathrooms, perform bookkeeping, complete price changes, work re-sets and grand openings, deliver and pick-up merchandise product, and perform other

**SECOND AMENDED COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS LLP

duties that are duties of an hourly store clerk and that are not intellectual, managerial, or creative, and which do not require the exercise of discretion and independent judgment.

33. Within four (4) years of June 5, 2014, or an earlier date(s) based on other class actions which were filed and are to be discovered, until the present, pursuant to Industrial Welfare Commission Order 7-98, Title 8 California Code of Regulations § 11070, and Labor Code §§ 200, 226, 510, 558 and 1198, Defendants were required to pay Plaintiffs overtime compensation, which is calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of forty (40) hours per week; and, for the first eight (8) hours on the seventh consecutive day of any work week.

34. Within four (4) years of June 5, 2014, or an earlier date(s) based on other class actions which were filed and are to be discovered, until the present, pursuant to Industrial Welfare Commission Order 7-2000, Title 8 California Code of Regulations § 11070, and Labor Code §§ 200, 226, 500, 510, 558, 1194 and 1198, Defendants were required to pay Plaintiffs overtime compensation, which is calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week; and, for the first eight (8) hours on the seventh consecutive day of any work week, with double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh consecutive day of any work week.

35. Plaintiff Sedra and other members of the Class were non-exempt employees entitled to the protections of Industrial Welfare Commission Orders 7-98 and 7-2000, Title 8 of the California Code of Regulations § 11070, and California Labor Code §§ 200, 226, 500, 510, 558, 1194, and 1198. During the course of Plaintiff Sedra's employment, Defendants failed to compensate

SECOND AMENDED COMPLAINT

Plaintiff Sedra and other members of the Class for overtime hours worked with premium overtime pay as required under the aforementioned labor regulations.

36.    Under the aforementioned wage orders, statutes, and regulations, Plaintiff Sedra and other members of the Class entitled to one and one half times and/or double his/her regular rate of pay for overtime work performed during the four (4) years within June 5, 2014, or an earlier date(s) based on other class actions which were filed and are to be discovered, based on appropriate calculations of the total remuneration for each workweek, and the corresponding number of hours worked each day and/or workweek.

37.    As a pattern and in practice, in violation of the aforementioned labor laws and wage orders, Defendants did not maintain any records pertaining to the time Plaintiff Sedra and other members of the Class' began and ended each work period, meal period, the total daily hours worked, and the total hours worked per day and applicable rates of pay in violation of California Labor Code § 1174.

38.    Within four (4) years of the filing of the class action complaint in the matter captioned *Parker, et al. v. Garfield Beach CVS LLC*, Los Angeles Superior Court Case No. BC547735 filed on June 5, 2014 and/or earlier dates based on other class action cases alleging the same misclassification and unpaid overtime claims/causes of action as alleged herein against Defendants and also brought on behalf of Defendants' store managers, which have been filed and are to be discovered, Plaintiff Sedra and other members of the Class employed by Defendants in a non-administrative, executive or professional capacity, as defined by Title 8 California Code of Regulations § 11070, though said job title was that of store manager, or similar title., Plaintiff Sedra and other members of the Class employed by Defendants in a non-administrative, executive or professional capacity, as defined by Title 8 California Code of

ARIAS SANGUINETTI WANG & TORRIJOS LLP

ARIAS SANGUINETTI WANG & TORRIJOS LLP

Regulations § 11070, though said job title was that of store manager, or similar title, Defendants failed to pay Plaintiff Sedra and other members of the Class for all hours worked by not compensating Plaintiff Sedra and other members of the Class for actual work performed.  Defendants established uniform company policies and practices, inter alia, where non-exempt employees were regularly scheduled to work and in fact worked overtime hours as improperly classified exempt employees and were not paid premium overtime pay as required by California law.  Thus, Defendants did not accurately record hours worked, failed to properly itemize wages, and committed other wrongs to be discovered.

39.    In violation of California law, Defendants have knowingly and willfully refused to perform its obligation to compensate Plaintiff Sedra and other members of the Class for all wages earned and all hours worked.  As a direct result, Plaintiff Sedra and other members of the Class suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligations under California law. Plaintiff Sedra and other members of the Class are entitled to recover nominal, actual, and compensatory damages.  Said amount will be determined according to proof at trial, but said amount is in excess of the Court's jurisdiction requirement.

40.    In *Reynolds v. Bement*, the court held: "In addition to the foregoing avenues for the recovery of wages, … the employee may seek certain civil penalties when the employee is not paid statutorily guaranteed wages. (See, e.g., §§… 558 [penalty for violating chapter or IWC order].)…" *Reynolds v. Bement*, (2005) 36 Cal 4th 1075.

41.    Labor Code § 558 mandates a penalty for violation of Labor Code § 510, among other things.  Labor Code § 558 mandates a penalty be assessed against any employer who violates, or causes to be violated, a section of the chapter starting with Labor Code §§ 500, et seq. or any provision regulating hours and days of work of any order of the Industrial Welfare Commission in the amount of $50 for the first pay period in which the employee is underpaid, in addition to an amount sufficient to recover underpaid wages; and, for each subsequent violation in the amount of $100 for each pay period in which the employee is underpaid, in addition to an amount sufficient to recover underpaid wages.  The civil penalties so provided in this section are in addition to any other civil penalties provided by law.

42.    As alleged above, Defendants failed to comply with Labor Code § 510 by failing to pay the overtime premium rate to Plaintiff Sedra and other members of the Class.  Plaintiff Sedra and other members of the Class are therefore entitled to penalties under Labor Code § 558 for each and every pay period that Defendants violated Labor Code § 510.  These penalties in an amount according to proof at trial are owed.

43.    As Defendants' conduct alleged herein violates Labor Code §§ 200, 226, 500, 510, 558, 1194, and 1198, Plaintiff Sedra and other members of the Class are entitled to recover the unpaid balance of overtime compensation, plus interest, penalties, attorney's fees, expenses, and costs of suit pursuant to Labor Code § 1194

44.    Plaintiff Sedra and other members of the Class seek interest pursuant to Labor Code § 218.6.  That code states that in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in  subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue

SECOND AMENDED COMPLAINT

from the date that the wages were due and payable[.]"  Plaintiff Sedra and other members of the Class are entitled to said interest.

## **FOURTH CAUSE OF ACTION**
## **FAILURE TO COMPENSATE FOR ALL HOURS WORKED**
### **(By Plaintiff Sedra and the Class Against all Defendants)**
### **(Labor Code §§ 200, 226, 500, 510, 1194, 1198; Title 8 Cal. Code of Reg., §11070)**

45.    Plaintiff Sedra refers to and incorporates all of the paragraphs of the complaint as though fully set forth herein.

46.    At all times relevant herein, Defendants were required to compensate its non-exempt employees for all hours worked pursuant to Industrial Welfare Commission Orders 7-90, 7-98, and 7-2000, Title 8 of California Code of Regulations § 11070, and Labor Code §§ 200, 226, 500, 510, 1194, and 1198.

47.    Within four (4) years of June 5, 2014, or an earlier date(s) based on other class actions which were filed and are to be discovered, Plaintiff Sedra and other members of the Class were employed by Defendants in a non-administrative, executive or professional capacity as defined by Title 8 California Code of Regulations § 11070, though said job title was that of store manager, or similar title.

48.    Within four (4) years of June 5, 2014, or an earlier date(s) based on other class actions which were filed and are to be discovered, Defendants failed to compensate Plaintiff Sedra and other members of the Class for all hours worked by not compensating Plaintiff Sedra and other members of the Class for actual work performed.  Defendants established policies, inter alia, where non-exempt employees would work overtime hours as improperly classified exempt employees such that the employees were not paid for hours

**SECOND AMENDED COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS LLP

ARIAS SANGUINETTI WANG & TORRIJOS LLP

worked over 40, and were not paid premium overtime for said hours as required by California law.  As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Defendants did not maintain any records pertaining to the time Plaintiff Sedra and other members of the Class began and ended each work period, meal period, the total daily hours worked, and the total hours worked per day and applicable rates of pay in violation of California Labor Code § 1174.

49.    Under the aforementioned wage orders, statutes, and regulations, Plaintiff Sedra and other members of the Class are entitled to recover compensation for all hours worked, but not paid, during the relevant claim period, plus reasonable attorney's fees and costs, pursuant to Labor Code § 1194; and, penalties pursuant to Labor Code §§ 203, 226, and 558.

50.    In violation of California law, Defendants have knowingly and willfully refused to perform its obligation to compensate Plaintiff Sedra and other members of the Class for all wages earned and all hours worked.  As a direct result, Plaintiff Sedra and other members of the Class have suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under California law. Plaintiff Sedra and other members of the Class are entitled to recover nominal, actual, and compensatory damages.  Said amount will be determined according to proof at trial, but said amount is in excess of the Court's jurisdiction requirement.  In *Reynolds v. Bement*, the court held: "In addition to the foregoing avenues for the recovery of wages, … the employee may seek certain civil penalties when the employee is not paid statutorily guaranteed wages. (See, e.g., §§… 558 [penalty for violating chapter or IWC order].)…" *Reynolds v. Bement*, (2005) 36 Cal 4th 1075.

51.  Labor Code § 558 mandates a penalty for violation of Labor Code § 510, among other things. Labor Code § 558 mandates a penalty be assessed against any employer who violates, or causes to be violated, a section of the chapter starting with Labor Code §§ 500, et seq. or any provision regulating hours and days of work in any order of the Industrial Welfare Commission in the amount of $50 for the first pay period in which the employee is underpaid, in addition to an amount sufficient to recover underpaid wages; and, for each subsequent violation the amount of $100 for each pay period in which the employee is underpaid, in addition to an amount sufficient to recover underpaid wages.  The civil penalties so provided in this section are in addition to any other civil penalties provided by law.

52.  As alleged above, Defendants failed to comply with Labor Code § 510 by failing to pay the overtime premium rate to Plaintiff Sedra and other members of the Class.  Plaintiff Sedra and other members of the Class   are therefore entitled to penalties under Labor Code § 558 for each and every pay period that Defendants violated Labor Code § 510.  These penalties in an amount according to proof at trial are owed.

53.  As Defendants' conduct alleged herein violates Labor Code §§ 200, 226, 500, 510, 1194, and 1198, Plaintiff Sedra and other members of the Class are entitled to recover the unpaid balance of overtime compensation, plus interest, penalties, attorney's fees, expenses, and costs of suit pursuant to Labor Code §§ 200, 201, 203, 510, 558, 1194 and 1198.

///

///

///

**SECOND AMENDED COMPLAINT**

**FIFTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

**(By Plaintiff Sedra and the Class Against all Defendants)**

**(Bus. and Prof. Code § 17200, et seq.)**

54.    Plaintiff Sedra refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

55.    Plaintiff Sedra and other members of the Class  are suing Defendants pursuant to Business and Professions Code § 17200 et seq., on behalf of himself/herself as an individual.

56.    By violating the statutes and regulations as alleged herein, Defendants' acts constitute unlawful business practices under California Business and Professions Code §§ 17200, et. seq.  Within four (4) years of June 5, 2014, or an earlier date(s) based on other class actions which were filed and are to be discovered, until the present, Defendants violated and continue to violate the law, as expressed in Labor Code §§ 200, 201, 500, 510, 1194,1198; IWC 7 §§ 2, 3, 4, 7, 11, 12 (Title 8 Cal. Code of Reg. § 11070); and, Business & Professions Code §§ 17200, et seq., by failing to properly pay wages, properly pay overtime wages, provide meal periods, provide rest periods, failing to keep proper records, and other violations alleged herein.

57.    Defendants' violations of the statutes and regulations as alleged herein are business practices done repeatedly over a significant period of time throughout California and is done in a systematic manner to the detriment of Plaintiff Sedra and other members of the Class.

58.    The harm to Plaintiff Sedra and other members of the Class outweighs any utility of Defendants' policies and practices, as alleged herein, and consequently constitute unfair business acts or practices within the meaning of Business and Professions Code §§ 17200 et seq.  Defendants'

**SECOND AMENDED COMPLAINT**

utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

59.     As a direct and proximate result of the aforementioned acts by Defendants, Defendants wrongfully retained and continues to retain funds earned by Plaintiffs, and profits obtained as a result of Defendants' unlawful and unfair business acts and practices, according to proof from Plaintiff Sedra and other members of the Class.

60.     The unfair and unlawful business acts and practices described herein present a continuing threat to Plaintiff Sedra and other members of the Class.  Plaintiff Sedra and other members of the Class are  informed and believes that Defendants has engaged in such practices over a number of years and has failed to indicate, in any way, that it plans to cease such activities any time in the future.

61.     Within four (4) years of June 5, 2014, or an earlier date(s) based on other class actions which were filed and are to be discovered, Plaintiff Sedra and other members of the Class have suffered damages and request damages and/or restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at time of trial, and that Defendants be ordered to disgorge all profits resulting from its unlawful and unfair business acts and practices, but in excess of the Court's jurisdiction requirement.

62.     Pursuant to Business and Professions Code §§ 17200 et seq., and pursuant to the equitable powers of this court, Defendants should be preliminarily and permanently enjoined from its unfair and unlawful business acts and practices.

63.     Pursuant to Business and Professions Code §§ 17200 et seq., and pursuant to the equitable powers of this court, Defendants should be ordered to

SECOND AMENDED COMPLAINT

restore to Plaintiffs all funds Defendants retained by means of the unfair and unlawful business acts and practices alleged herein.

64.    Pursuant to Business and Professions Code §§ 17200 et seq., and pursuant to the equitable powers of this court, Defendants should be ordered to disgorge all funds and profits Defendants obtained and retained by means of the unfair and unlawful business acts and practices alleged herein.

65.    Plaintiff Sedra and other members of the Class also seek interest pursuant to Business & Professions Code § 17203; *Ballard v. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin v. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956 and costs of suit pursuant to Code of Civil Procedure § 1032.

66.    Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages were due and payable[.]" Plaintiff Sedra and other members of the Class are entitled to said interest.

67.    In addition, Plaintiff Sedra and other members of the Class seek an award of reasonable attorney's fees and costs pursuant to Labor Code §§ 1194.

## SIXTH CAUSE OF ACTION
## FAILURE TO PAY WAGES UPON DISCHARGE
### (By Plaintiff Sedra and the Class Against all Defendants)
### (Labor Code §§ 201, 203)

68.    Plaintiff Sedra refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

69.    Pursuant to Labor Code §§ 201 and 202, for Plaintiff Sedra who is a former employee of Defendants, upon his/her respective termination dates,

SECOND AMENDED COMPLAINT

ARIAS SANGUINETTI WANG & TORRIJOS LLP

Defendants was required to pay former employee Plaintiff Sedra all earned wages.  At the time of all former employee Plaintiff's respective termination dates, former employee Plaintiff and other members of the Class had unpaid wages.  In violation of Labor Code § 201, Defendants failed to pay Plaintiff Sedra and other members of the Class any of the amount of wages due and owing, in amounts to be established at the time of trial, but which are in excess of the Court's jurisdictional requirements.

70.    Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits.  This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed thirty (30) days.

71.    Defendants' failure to pay former employee Plaintiff Sedra and other members of the Class the respective wages due and owing was willful.

72.    Courts have held that the term willful means "[t]he employer 'intentionally failed or refused to perform an act which was required to be done.'… It does not mean that the employer's refusal to pay wages must necessarily be based on a deliberate evil purpose to defraud workers for wages which the employer knows to be due." *Road Sprinkler Fitters Local Union No. 669 v G & G Fire Sprinklers, Inc*.  (2002) 102 Cal. App. 4th 765, 781.

73.    Plaintiff Sedra and other members of the Class who were discharged by Defendants, or voluntarily quit, and did not have a written contract for employment.  The Defendants, in violation of Labor Code §§ 201 et seq. had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of such individuals, including, but not limited to, regular time, overtime, vacation time, and other wages earned and remaining uncompensated according to amendment, or proof.  Plaintiff

ARIAS SANGUINETTI WANG & TORRIJOS LLP

Sedra and other members of the Class did not secret or absent themselves from Defendants nor refuse to accept the earned and unpaid wages from Defendants. Defendants' willful failure to pay former employee Plaintiff Sedra and other members of the Class the wages due and owing each of them constitutes violations of Labor Code §§ 201 and 203, which provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff Sedra and other members of the Class  are each entitled to penalties pursuant to Labor Code § 203.

74.    Pursuant to Labor Code § 1194, Plaintiff Sedra and other members of the Class are entitled to an award of reasonable attorneys' fees, expenses, and costs.

75.    In addition to the concerted and joint activities alleged elsewhere herein, Plaintiff Sedra and other members of the Class are informed and believe, and based thereon alleges, that each of the Defendants engage in the same practices and have adopted the same policies with regard to its wrongful acts against Plaintiff Sedra and other members of the Class as alleged herein.

76.    Plaintiff Sedra and other members of the Class have incurred, and during the pendency of this action will continue to incur, expenses for attorney's fees and costs herein.  Such attorney's fees and costs are necessary for the prosecution of this action.  Plaintiff Sedra and other members of the Class request that the court award attorney's fees in an amount according to proof pursuant to Labor Code §1194.

### SEVENTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE MEAL BREAKS
**(By Plaintiff Sedra and the Class Against all Defendants)**
**(Labor Code §§ 226.7, 512)**

77.    Plaintiff Sedra refers to and incorporates all of the paragraphs of

**SECOND AMENDED COMPLAINT**

this complaint as though fully set forth herein.

78. Labor Code § 512 and *IWC Wage Order* 7-2001(11)(A)-(B) require that an employer provide its employees with a 30-minute meal break for every five-hour increment of time worked:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

79. Labor Code § 226.7 further provides that for every meal break it fails to provide, the employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay for each meal period so missed:

> (a)  No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b)  If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

80. Plaintiff and other members of the Class were never allowed to

SECOND AMENDED COMPLAINT

ARIAS SANGUINETTI WANG & TORRIJOS LLP

take meal breaks during their shifts. Even if Defendants' Stores nominally permitted Plaintiff and other members of the Class to take meal breaks, Plaintiff and other members of the Class were unable to avail himself/herself of such breaks for various reasons, including but not limited to, the fact that their work was too voluminous and time-consuming to complete in eight hours.

81.    As a direct and proximate result of Defendants' unlawful failure to authorize, permit, and provide meal breaks as required by law, Plaintiff and other members of the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and other members of the Class but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

**EIGHTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE REST BREAKS**

**(By Plaintiff Sedra and the Class Against all Defendants)**

**(Labor Code § 226.7)**

82.    Plaintiff Sedra refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

83.    Subdivision 12(A) of 8 CAL. CODE REGS. § 11070 requires that an employer provide its employees with a 10-minute rest break for every four-hour increment of time worked.

84.    Labor Code § 226.7 and 8 CAL. CODE REGS. § 11070, Subdiv. 12(B), further require that for every workday in which it fails to provide a rest period during any four-hour increment, the employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay.

85.    Plaintiff and other members of the Class were prevented from taking statutorily mandated rest breaks during their shifts. They were unable to avail themselves of such breaks for various reasons, including but not

ARIAS SANGUINETTI WANG & TORRIJOS LLP

**SECOND AMENDED COMPLAINT**

limited to, the pressures from their workloads and from store management to take shorter breaks than they were entitled to, or none at all. Defendants further failed to compensate Plaintiff and other members of the Class for their missed rest breaks at their regular rate of pay.

86.   By virtue of Defendants' unlawful failure to authorize, permit, and provide rest breaks as required by law, Plaintiff and other members of the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and other members of the Class, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

87.   Plaintiff and other members of the Class were never allowed to take meal breaks during its shifts. Even if Defendants' Stores nominally permitted Plaintiff and other members of the Class to take meal breaks, Plaintiff and other members of the Class were unable to avail her or himself of such breaks for various reasons, including but not limited to, the fact that its work was too voluminous and time-consuming to complete in eight hours.

88.   As a direct and proximate result of Defendants' unlawful failure to authorize, permit, and provide meal breaks as required by law, Plaintiff and other members of the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and other members of the Class but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

**NINTH CAUSE OF ACTION**

**FAILURE TO FURNISH WAGE AND HOUR STATEMENTS**

**(By Plaintiff Sedra and the Class Against all Defendants)**

**(Labor Code §§ 226, 226.3, 558 et seq., 1174)**

89.   Plaintiff Sedra refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

90.     During the period covered by this lawsuit Defendants failed to provide the Plaintiff and other members of the Class with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff and other members of the Class.

91.     Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to California Labor Code sections 226, 226.3, 558 and other applicable provisions of the employment law and Regulations.

## TENTH CAUSE OF ACTION
## FOR PENALTIES PURSUANT TO LABOR
## CODE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")
### (By Plaintiffs Naderi, Sedra, and Philippi and the Aggrieved Employees Against all Defendants)
### (Labor Code §§ 2698, et seq.)

92.     Plaintiffs Naderi, Sedra, and Philippi refer to and incorporate all of the paragraphs of this complaint as though fully set forth herein.

93.     Labor Code §§ 2698, et seq., known as the Labor Code Private Attorneys General Act of 2004 (hereinafter "PAGA" or "the Act"), expressly establishes that any provision of the CAL. LABOR CODE that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards agencies or employees for a violation of the Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

94.     Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil

SECOND AMENDED COMPLAINT

ARIAS SANGUINETTI WANG & TORRIJOS LLP

penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

95.     Plaintiffs and all other individuals employed by Defendants as Store Managers in California at any time within the limitations period proscribed in Labor Code § 2699 are "aggrieved employees," as defined by Labor Code § 2699, in that one or more of the violations alleged herein was committed against them, and each of them.

96.   Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

(a)  Violation of Labor Code section 2802 for failure to reimburse Plaintiffs and other aggrieved employees for all business expenses necessarily incurred, as set forth herein;

(b) Violation of Labor Code sections 510, 1194, 1198, and the applicable IWC wage order for Defendants' failure to compensate Plaintiffs and other aggrieved employees with all required overtime pay and failure to properly calculate the overtime rates paid to other aggrieved employees as set forth below, as set forth herein;

(c) Violation of Labor Code sections 1182.12. 1194, 1197, 1198, and the applicable IWC wage order for Defendants' failure to compensate Plaintiffs and other aggrieved employees with at least minimum wages for all hours worked as set forth herein;

(d)  Violation of Labor Code sections 226.7, 512, 1198, and the applicable IWC wage order for Defendants' failure to provide other aggrieved employees with meal periods, as set forth herein;

(e) Violation of Labor Code sections 226.7, 1198, and the applicable IWC wage order for Defendants' failure to authorize and permit

SECOND AMENDED COMPLAINT

ARIAS SANGUINETTI WANG & TORRIJOS LLP

Plaintiffs and other aggrieved employees to take rest periods, as set forth herein;

(f) Violation of Labor Code sections 226(a), 1198, and the applicable IWC wage order for failure to provide accurate and complete wage statements to Plaintiffs and other aggrieved employees, as set forth herein;

(g) Violation of Labor Code sections 1174(d), 1198, and the applicable IWC wage order for failure to maintain payroll records as set forth herein;

(h) Violation of Labor Code section 204 for failure to pay all earned wages during employment as set forth herein; and,

(i) Violation of Labor Code sections 201, 202, and 203 for failure to pay all earned wages upon termination as set forth herein.

97.    By committing the violations alleged in this Second Amended Complaint against Plaintiffs and the other aggrieved employees, Defendants violated Labor Code §§ 201, 203, 204, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 1199, and 2802, and the applicable IWC WAGE ORDERS and deprived them of reimbursable business expenses, proper overtime and minimum wage compensation, statutory meal and rest periods, and accurate itemized wage statements and failed to keep accurate records. Accordingly, in their capacity as Private Attorneys General, on behalf of themselves and all other aggrieved employees, Plaintiffs seek all applicable penalties, attorney's fees, and costs available under the Act on behalf of themselves and the aggrieved employees based on these violations.

98.    On or about May 14, 2020, Plaintiffs sent their PAGA Notice letters via certified mail to the LWDA and to Defendants as prescribed by the Labor Code. (Copies of Plaintiffs' PAGA Notice letters are attached hereto as

**Exhibit A**.)  On May 19 and May 20, 2020, the LWDA and Defendants were delivered and/or served with the PAGA Notice letters.  (Copies of the United States Postal Service Certified Mail Return Receipts are attached hereto as **Exhibit B**.)

99.   On May 14, 2020, Plaintiffs filed their PAGA claim notices, including their May 14, 2020 PAGA Notice letters, online with the LWDA. The claims were assigned LWDA Case No. LWDA-CM-786673-20 (Kaveh Naderi), LWDA Case No. LWDA-CM-786675-20 (Magdy Sedra), and LWDA Case No. LWDA-CM-786678-20 (Rodney Philippi).  (Copies of the three emails from the LWDA confirming receipt of Plaintiffs' PAGA claim notices are attached collectively hereto as **Exhibit C**.)

100.  Because more than sixty-five (65) days have passed since Plaintiffs submitted their PAGA claim notice to Defendants and the LWDA without the LWDA having responded to the notice, Plaintiffs are entitled, as a matter of right, pursuant to Labor Code section 2699.3(a)(2)(A) and (C), to amend their First Amended Complaint to include a cause of action for penalties pursuant to PAGA.

## **PRAYER**

**WHEREFORE**, Plaintiff Sedra and the other members of the Class pray for judgment as follows:

## **FIRST CAUSE OF ACTION**

1.     For damages; and
2.     For all applicable penalties.

## **SECOND CAUSE OF ACTION**

3.     For restitution; and
4.     For injunctive relief.

### THIRD CAUSE OF ACTION

5.   That Defendants be ordered to pay Plaintiffs all unpaid overtime compensation pursuant to Labor Code §§ 1194 and 510 as alleged herein according to proof, plus penalties and interest;

6.   For penalties set forth in Labor Code § 558 for violations of § 510 in an amount according to proof;

7.   For interest pursuant to Labor Code § 218.6; and

8.   For reasonable attorney's fees as provided by Code of Civil Procedure §1021.5 and attorney's fees, interest, and costs of suit pursuant to Labor Code § 1194.

### FOURTH CAUSE OF ACTION

9.   That Defendants be ordered to pay Plaintiffs for all hours worked, but for which Plaintiffs were unpaid, according to proof; plus penalties and interest;

10.   For interest pursuant to Labor Code § 218.6; and

11.   For reasonable attorney's fees as provided by Code of Civil Procedure §1021.5 and attorney's fees, interest, and costs of suit pursuant to Labor Code § 1194.

### FIFTH CAUSE OF ACTION

12.   For injunctive relief ordering Defendants to discontinue the unfair and unlawful practices as alleged herein;

13.   For reasonable attorney's fees as provided by Code of Civil Procedure §1021.5;

14.   That Defendants be ordered to restore to Plaintiffs all funds Defendants retained by means of the unfair and unlawful business acts and practices alleged herein;

15.   For appointment of a receiver to receive, manage and distribute any

and all funds disgorged from the Defendants determined to have been wrongfully acquired by Defendants as a result of violations of Business and Professions Code §§17200 et seq.;

16. That Defendants disgorge all profits in an amount according to proof at the time of trial.

17. For enforcement of the civil penalties imposed by the Labor Code pursuant to Business & Professions Code § 17202;

18. For interest pursuant to Business & Professions Code § 17203; *Ballard v. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin v. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

19. For interest pursuant to Labor Code § 218.6; and

20. For reasonable attorney's fees and costs as provided by Labor Code § 1194.

## SIXTH CAUSE OF ACTION

21. For statutory waiting time penalties under Labor Code § 203, according to proof for Plaintiffs, plus interest thereon at the maximum legal rate accruing from the 31st day following the separation each such Plaintiffs' employment from Defendants;

22. For interest pursuant to Labor Code § 218.6;

23. For reasonable attorney's fee, penalties, and costs pursuant to Labor Code §203, and 226; and

24. For reasonable attorney's fees and costs as provided by Labor Code § 2699(g).

## SEVENTH CAUSE OF ACTION

25. For unpaid wages;

26. For all applicable penalties; and

**SECOND AMENDED COMPLAINT**

27.   For injunctive relief.

## EIGHTH CAUSE OF ACTION

28.   For all applicable penalties; and

29.   For injunctive relief.

## NINTH CAUSE OF ACTION

30.   For general damages, including interest, according to proof;

31.   For Plaintiffs' costs incurred herein;

32.   For statutory damages as set forth in the applicable Labor Code sections;

33.   For all appropriate declaratory and equitable relief; and,

34.   For all such other relief as is just and necessary under the circumstances.

**WHEREFORE**, Plaintiffs Naderi, Sedra, and Philippi and the aggrieved employees pray for judgment as follows:

## TENTH CAUSE OF ACTION

35.   For all applicable penalties.

## ON ALL CAUSES OF ACTION

36.   For penalties and interest as allowed by law;

37.   For costs of suit herein alleged; and

38.   For such other and further relief as the court deems just and proper.

Dated: February 3, 2021          **ARIAS SANGUINETTI WANG & TORRIJOS LLP**

By:   /s/*Craig S. Momita*
MIKE ARIAS
ALFREDO TORRIJOS
CRAIG S. MOMITA

Attorneys for Plaintiffs

ARIAS SANGUINETTI WANG & TORRIJOS LLP

1

## __DEMAND FOR JURY TRIAL__

2          Plaintiff Sedra and the other members of the Class hereby demand a trial

3    by jury on all claims so triable.

4

5    Dated: February 3, 2021              **ARIAS SANGUINETTI WANG**

6                                         **& TORRIJOS LLP**

7

8                                         By: ___*/s/Craig S. Momita*_____
                                          MIKE ARIAS
9                                         ALFREDO TORRIJOS
                                          CRAIG S. MOMITA
10
                                          Attorneys for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT**

# EXHIBIT A



**ARIAS SANGUINETTI
WANG & TORRIJOS, LLP**
— TRIAL LAWYERS —

Craig Momita, Esq.
Associate Counsel

craig@aswtlawyers.com

May 14, 2020

***SENT VIA CERTIFIED U.S. MAIL***
California Labor & Workforce Development Agency
Department of Industrial Relations
Accounting Unit
455 Golden Gate Ave, 10th Floor
San Francisco, CA 94102

Garfield Beach CVS, L.L.C.
c/o C T CORPORATION SYSTEM (C0168406)
818 7th Street, Suite 930, Los Angeles 90017

Longs Drug Stores California, L.L.C.
c/o C T CORPORATION SYSTEM (C0168406)
818 7th Street, Suite 930, Los Angeles 90017

Re:    *Naderi, et al. vs. Garfield Beach CVS, L.L.C., et al.*
       *LWDA Case No. LWDA-CM-786673-20*

To Whom It May Concern:

Please take notice that pursuant to the procedures specified in California Labor Code section 2699.3, Kaveh Naderi, Magdy Sedra, and Rodney Philippi on behalf of themselves and all other current and former Store Managers (hereinafter referred to as "EMPLOYEES"), hereby claim that Garfield Beach CVS, L.L.C. and Longs Drug Stores California, L.L.C. (collectively "EMPLOYER") committed the following violations against EMPLOYEES.

EMPLOYEES respectfully request that the California Labor & Workforce Development Agency immediately investigate the alleged violations asserted by EMPLOYEES in this letter and issue any appropriate citation against EMPLOYER in accordance with California Labor Code sections 2699, *et seq.*

Sec. 2802:  EMPLOYER was required to reimburse EMPLOYEES and the other members of the Class for expenses incurred by them in the performance of their job duties (which include the following expenses: cell phone usage and vehicle usage and mileage). EMPLOYER had a policy and procedure whereby EMPLOYEES and the other members of the



Class were required to personally incur and pay for said expenses during the performance of their employment duties, all without reimbursement from EMPLOYER. EMPLOYEES were required to be available for contact by their supervisors and EMPLOYER by text, email and cell phone during working hours, and outside of working hours including at their homes, and were required to be available for meetings by cell phone, including by cell phone apps, and were also required to take photographs on their cell phones of store conditions for transmittal to their supervisors and EMPLOYER upon request. EMPLOYEES were also required to drive their personal vehicles to meetings convened by their supervisors and EMPLOYER, or to visit and inspect other stores in their districts, including during the Christmas season on "reindeer runs" at their own expense. Accordingly, EMPLOYER failed to reimburse EMPLOYEES and the other members of the Class for business expenses incurred as a condition of and in the performance of their job duties, as described above.

Sec. 202:  EMPLOYER willfully failed to pay EMPLOYEES their wages due and payable not later than 72 hours after EMPLOYEES quit their employment, unless EMPLOYEES have given 72 hours previous notice of his or her intention to quit, in which case EMPLOYEES are entitled to their wages at the time of quitting. Notwithstanding any other law EMPLOYEES who quit without providing a 72-hour notice shall be entitled to receive payment by mail if EMPLOYEES so request and designate a mailing address.

Sec. 203:  EMPLOYER willfully failed to pay, without abatement, discharged or quitting EMPLOYEES. EMPLOYER failed to pay EMPLOYEES on the date of separation from employment, and other formerly discharged or quitting employees on their date of separation from employment, all wages and earned compensation due by failing to pay EMPLOYEES for all hours worked and pay overtime wages owed. EMPLOYER'S failure to pay wages as alleged was willful in that EMPLOYER refused to pay said amounts knowing that EMPLOYEES had worked overtime without being compensated for such overtime.

Sec. 204:  EMPLOYER failed to pay all wages earned by EMPLOYEES four times during each calendar month, on days designated in advance by employer as the regular paydays by failing to pay EMPLOYEES the legally-mandated overtime premium rate for overtime hours worked. Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did not take into consideration the total number of hours worked or the number of overtime hours worked.



Sec. 226:  EMPLOYER failed to furnish, at the time of each payment of wages, to each of his or her EMPLOYEES, an accurate itemized wage statement reflecting the total hours EMPLOYEES worked.

Sec. 226.3:  EMPLOYER violated subdivision (a) of section 226 by failing to furnish, at the time of each payment of wage, to each of his or her EMPLOYEES, an accurate itemized wage statement for all EMPLOYEES' hours worked and EMPLOYEES' hourly rate.  Thus, EMPLOYER is subject to a civil penalty as set forth under this section.

Sec. 226.7:  EMPLOYER failed to provide EMPLOYEES a meal period and rest period in accordance with the applicable order of the Industrial Welfare Commission and failed to pay EMPLOYEES one additional hour of pay at EMPLOYEES' regular rate of compensation for each work day that the meal or rest period was not provided.

Sec. 510:  EMPLOYER failed to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday; any work in excess of 40 hours in any one workweek; the first eight hours worked on the seventh day of work in any one workweek; and at the rate of no less than twice the regular rate of pay of any employee for any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek.  Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did not take into consideration the total number of hours worked or the number of overtime hours worked.

Sec. 512: EMPLOYER employed EMPLOYEES for a period of more than five (5) hours without a meal period of not less than thirty (30) minutes despite a work period of more than six (6) hours a day.  Said meal period was not waived by mutual consent of EMPLOYER and EMPLOYES.  Similarly, EMPLOYER failed to provide EMPLOYEES with the required ten (10) minute rest period per four (4) hours or major fraction thereof.

Sec. 558: EMPLOYER or other persons acting on behalf of EMPLOYER violated, or caused to be violated, Labor Code section 500-558 or any provision regulating hours and days of work in any order of the Industrial Welfare Commission.  EMPLOYER violated Labor Code sections 510 by failing to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek.  EMPLOYER is thus subject to a civil penalty set forth under this section.



May 12, 2020
Page 4

Sec. 1174: EMPLOYER failed to keep, at a central location in the state or at the plants or establishments at which EMPLOYEES are employed, payroll records showing the hours worked daily by and the wages paid to employee employed at the respective plants or establishments.

Sec. 1174.5: EMPLOYER violated Labor Code § 1174 by failing to maintain required records and is, therefore, subject to a civil penalty.

Sec. 1194:   Within four (4) years last past EMPLOYER failed to compensate EMPLOYEES the legal overtime compensation. Rather than making the required payments under the applicable wage orders, EMPLOYER only paid EMPLOYEES a flat weekly salary rate that did not take into consideration the number of hours worked or the number of overtime hours worked.   There is no law or wage order that permits EMPLOYER to lawfully pay EMPLOYEES a salary rate that does not compensate EMPLOYEES for all hours worked and all overtime hours worked at the legally mandated rate of pay.

Sec. 1197: EMPLOYER failed to pay EMPLOYEES the minimum wage for employees fixed by the Industrial Welfare Commission.  EMPLOYER failed to compensate EMPLOYEES the minimum wage for all hours worked by paying EMPLOYEES a flat salary rate that did not take into consideration the number of hours worked or the number of overtime hours worked. The payment of less wage than the minimum so fixed is unlawful.

Sec. 1197.1: EMPLOYER or other persons acting either individually or as an officer, agent or employee or another person, paid or cause to paid EMPLOYEES a wage less than the minimum fixed by an order of the commission is thus subject to a civil penalty as set forth under this section.

Sec. 1198:  EMPLOYER employed EMPLOYEES for longer hours than those fixed by the order or under conditions of labor prohibited by §§ 3 and 7 of the Industrial Welfare Commission Wage Order 7 by:

1.   Failing to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday; any work in excess of 40 hours in any one workweek; the first eight hours worked on the seventh day of work in any one workweek; and at the rate of no less than twice the regular rate of pay of any employee for any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek. Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did



May 12, 2020
Page 5

not take into consideration the total number of hours worked or the number of overtime hours worked.

2.      Failing to keep time records of EMPLOYEES showing when the employees begin and end each work period, meal periods, split-shift intervals and total daily hours worked.

Sec. 1199:  EMPLOYER employed EMPLOYEES for longer hours than those fixed by the order or under conditions of labor prohibited by §§ 3 and 7 of the Industrial Welfare Commission Wage Order 7 by:

1.      Failing to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday; any work in excess of 40 hours in any one workweek; the first eight hours worked on the seventh day of work in any one workweek; and at the rate of no less than twice the regular rate of pay of any employee for any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek. Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did not take into consideration the total number of hours worked or the number of overtime hours worked.

2.      Failing to keep time records of EMPLOYEES showing when the employee begins and ends each work period, meal periods, split-shift intervals and total daily hours worked.

Kaveh Naderi, Magdy Sedra and Rodney Philippi's claims brought pursuant to California Labor Code sections 2699, *et seq.* are also set forth in the attached [Proposed] Second Amended Complaint and Demand for Jury Trial and incorporated herein by this reference.

Very truly yours,

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

CRAIG S. MOMITA



May 12, 2020
Page 6

*Enclosures*



**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
— TRIAL LAWYERS —

Craig Momita, Esq.
Associate Counsel

craig@aswtlawyers.com

May 14, 2020

*SENT VIA CERTIFIED U.S. MAIL*
California Labor & Workforce Development Agency
Department of Industrial Relations
Accounting Unit
455 Golden Gate Ave, 10th Floor
San Francisco, CA 94102

Garfield Beach CVS, L.L.C.
c/o C T CORPORATION SYSTEM (C0168406)
818 7th Street, Suite 930, Los Angeles 90017

Longs Drug Stores California, L.L.C.
c/o C T CORPORATION SYSTEM (C0168406)
818 7th Street, Suite 930, Los Angeles 90017

       Re:    *Naderi, et al. vs. Garfield Beach CVS, L.L.C., et al.*
              *LWDA Case No. LWDA-CM-786675-20*

To Whom It May Concern:

Please take notice that pursuant to the procedures specified in California Labor Code section 2699.3, Kaveh Naderi, Magdy Sedra, and Rodney Philippi on behalf of themselves and all other current and former Store Managers (hereinafter referred to as "EMPLOYEES"), hereby claim that Garfield Beach CVS, L.L.C. and Longs Drug Stores California, L.L.C. (collectively "EMPLOYER") committed the following violations against EMPLOYEES.

EMPLOYEES respectfully request that the California Labor & Workforce Development Agency immediately investigate the alleged violations asserted by EMPLOYEES in this letter and issue any appropriate citation against EMPLOYER in accordance with California Labor Code sections 2699, *et seq.*

Sec. 2802: EMPLOYER was required to reimburse EMPLOYEES and the other members of the Class for expenses incurred by them in the performance of their job duties (which include the following expenses: cell phone usage and vehicle usage and mileage). EMPLOYER had a policy and procedure whereby EMPLOYEES and the other members of the



Class were required to personally incur and pay for said expenses during the performance of their employment duties, all without reimbursement from EMPLOYER. EMPLOYEES were required to be available for contact by their supervisors and EMPLOYER by text, email and cell phone during working hours, and outside of working hours including at their homes, and were required to be available for meetings by cell phone, including by cell phone apps, and were also required to take photographs on their cell phones of store conditions for transmittal to their supervisors and EMPLOYER upon request. EMPLOYEES were also required to drive their personal vehicles to meetings convened by their supervisors and EMPLOYER, or to visit and inspect other stores in their districts, including during the Christmas season on "reindeer runs" at their own expense. Accordingly, EMPLOYER failed to reimburse EMPLOYEES and the other members of the Class for business expenses incurred as a condition of and in the performance of their job duties, as described above.

Sec. 202: EMPLOYER willfully failed to pay EMPLOYEES their wages due and payable not later than 72 hours after EMPLOYEES quit their employment, unless EMPLOYEES have given 72 hours previous notice of his or her intention to quit, in which case EMPLOYEES are entitled to their wages at the time of quitting. Notwithstanding any other law EMPLOYEES who quit without providing a 72-hour notice shall be entitled to receive payment by mail if EMPLOYEES so request and designate a mailing address.

Sec. 203: EMPLOYER willfully failed to pay, without abatement, discharged or quitting EMPLOYEES. EMPLOYER failed to pay EMPLOYEES on the date of separation from employment, and other formerly discharged or quitting employees on their date of separation from employment, all wages and earned compensation due by failing to pay EMPLOYEES for all hours worked and pay overtime wages owed. EMPLOYER'S failure to pay wages as alleged was willful in that EMPLOYER refused to pay said amounts knowing that EMPLOYEES had worked overtime without being compensated for such overtime.

Sec. 204: EMPLOYER failed to pay all wages earned by EMPLOYEES four times during each calendar month, on days designated in advance by employer as the regular paydays by failing to pay EMPLOYEES the legally-mandated overtime premium rate for overtime hours worked. Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did not take into consideration the total number of hours worked or the number of overtime hours worked.



Sec. 226:  EMPLOYER failed to furnish, at the time of each payment of wages, to each of his or her EMPLOYEES, an accurate itemized wage statement reflecting the total hours EMPLOYEES worked.

Sec. 226.3:  EMPLOYER violated subdivision (a) of section 226 by failing to furnish, at the time of each payment of wage, to each of his or her EMPLOYEES, an accurate itemized wage statement for all EMPLOYEES' hours worked and EMPLOYEES' hourly rate.  Thus, EMPLOYER is subject to a civil penalty as set forth under this section.

Sec. 226.7:  EMPLOYER failed to provide EMPLOYEES a meal period and rest period in accordance with the applicable order of the Industrial Welfare Commission and failed to pay EMPLOYEES one additional hour of pay at EMPLOYEES' regular rate of compensation for each work day that the meal or rest period was not provided.

Sec. 510:  EMPLOYER failed to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday; any work in excess of 40 hours in any one workweek; the first eight hours worked on the seventh day of work in any one workweek; and at the rate of no less than twice the regular rate of pay of any employee for any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek.  Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did not take into consideration the total number of hours worked or the number of overtime hours worked.

Sec. 512: EMPLOYER employed EMPLOYEES for a period of more than five (5) hours without a meal period of not less than thirty (30) minutes despite a work period of more than six (6) hours a day.  Said meal period was not waived by mutual consent of EMPLOYER and EMPLOYES.  Similarly, EMPLOYER failed to provide EMPLOYEES with the required ten (10) minute rest period per four (4) hours or major fraction thereof.

Sec. 558: EMPLOYER or other persons acting on behalf of EMPLOYER violated, or caused to be violated, Labor Code section 500-558 or any provision regulating hours and days of work in any order of the Industrial Welfare Commission.  EMPLOYER violated Labor Code sections 510 by failing to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek.  EMPLOYER is thus subject to a civil penalty set forth under this section.



Sec. 1174: EMPLOYER failed to keep, at a central location in the state or at the plants or establishments at which EMPLOYEES are employed, payroll records showing the hours worked daily by and the wages paid to employee employed at the respective plants or establishments.

Sec. 1174.5: EMPLOYER violated Labor Code § 1174 by failing to maintain required records and is, therefore, subject to a civil penalty.

Sec. 1194:    Within four (4) years last past EMPLOYER failed to compensate EMPLOYEES the legal overtime compensation. Rather than making the required payments under the applicable wage orders, EMPLOYER only paid EMPLOYEES a flat weekly salary rate that did not take into consideration the number of hours worked or the number of overtime hours worked.    There is no law or wage order that permits EMPLOYER to lawfully pay EMPLOYEES a salary rate that does not compensate EMPLOYEES for all hours worked and all overtime hours worked at the legally mandated rate of pay.

Sec. 1197: EMPLOYER failed to pay EMPLOYEES the minimum wage for employees fixed by the Industrial Welfare Commission.  EMPLOYER failed to compensate EMPLOYEES the minimum wage for all hours worked by paying EMPLOYEES a flat salary rate that did not take into consideration the number of hours worked or the number of overtime hours worked. The payment of less wage than the minimum so fixed is unlawful.

Sec. 1197.1: EMPLOYER or other persons acting either individually or as an officer, agent or employee or another person, paid or cause to paid EMPLOYEES a wage less than the minimum fixed by an order of the commission is thus subject to a civil penalty as set forth under this section.

Sec. 1198:  EMPLOYER employed EMPLOYEES for longer hours than those fixed by the order or under conditions of labor prohibited by §§ 3 and 7 of the Industrial Welfare Commission Wage Order 7 by:

1.    Failing to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday; any work in excess of 40 hours in any one workweek; the first eight hours worked on the seventh day of work in any one workweek; and at the rate of no less than twice the regular rate of pay of any employee for any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek. Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did



May 12, 2020
Page 5

not take into consideration the total number of hours worked or the number of overtime hours worked.

2.      Failing to keep time records of EMPLOYEES showing when the employees begin and end each work period, meal periods, split-shift intervals and total daily hours worked.

        Sec. 1199:  EMPLOYER employed EMPLOYEES for longer hours than those fixed by the order or under conditions of labor prohibited by §§ 3 and 7 of the Industrial Welfare Commission Wage Order 7 by:

1.      Failing to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday; any work in excess of 40 hours in any one workweek; the first eight hours worked on the seventh day of work in any one workweek; and at the rate of no less than twice the regular rate of pay of any employee for any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek. Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did not take into consideration the total number of hours worked or the number of overtime hours worked.

2.      Failing to keep time records of EMPLOYEES showing when the employee begins and ends each work period, meal periods, split-shift intervals and total daily hours worked.

    Kaveh Naderi, Magdy Sedra and Rodney Philippi's claims brought pursuant to California Labor Code sections 2699, *et seq.* are also set forth in the attached [Proposed] Second Amended Complaint and Demand for Jury Trial and incorporated herein by this reference.

        Very truly yours,
        ARIAS SANGUINETTI WANG & TORRIJOS, LLP

        CRAIG S. MOMITA



*Enclosures*



Craig Momita, Esq.
Associate Counsel

craig@aswtlawyers.com

May 14, 2020

<u>***SENT VIA CERTIFIED U.S. MAIL***</u>
California Labor & Workforce Development Agency
Department of Industrial Relations
Accounting Unit
455 Golden Gate Ave, 10th Floor
San Francisco, CA 94102

Garfield Beach CVS, L.L.C.
c/o C T CORPORATION SYSTEM (C0168406)
818 7th Street, Suite 930, Los Angeles 90017

Longs Drug Stores California, L.L.C.
c/o C T CORPORATION SYSTEM (C0168406)
818 7th Street, Suite 930, Los Angeles 90017

>    Re:    *Naderi, et al. vs. Garfield Beach CVS, L.L.C., et al.*
>            *LWDA Case No. LWDA-CM-786678-20*

To Whom It May Concern:

   Please take notice that pursuant to the procedures specified in California Labor Code section 2699.3, Kaveh Naderi, Magdy Sedra, and Rodney Philippi on behalf of themselves and all other current and former Store Managers (hereinafter referred to as "EMPLOYEES"), hereby claim that Garfield Beach CVS, L.L.C. and Longs Drug Stores California, L.L.C. (collectively "EMPLOYER") committed the following violations against EMPLOYEES.


   EMPLOYEES respectfully request that the California Labor & Workforce Development Agency immediately investigate the alleged violations asserted by EMPLOYEES in this letter and issue any appropriate citation against EMPLOYER in accordance with California Labor Code sections 2699, *et seq.*

   Sec. 2802:  EMPLOYER was required to reimburse EMPLOYEES and the other members of the Class for expenses incurred by them in the performance of their job duties (which include the following expenses: cell phone usage and vehicle usage and mileage). EMPLOYER had a policy and procedure whereby EMPLOYEES and the other members of the



May 12, 2020
Page 2

Class were required to personally incur and pay for said expenses during the performance of their employment duties, all without reimbursement from EMPLOYER. EMPLOYEES were required to be available for contact by their supervisors and EMPLOYER by text, email and cell phone during working hours, and outside of working hours including at their homes, and were required to be available for meetings by cell phone, including by cell phone apps, and were also required to take photographs on their cell phones of store conditions for transmittal to their supervisors and EMPLOYER upon request. EMPLOYEES were also required to drive their personal vehicles to meetings convened by their supervisors and EMPLOYER, or to visit and inspect other stores in their districts, including during the Christmas season on "reindeer runs" at their own expense. Accordingly, EMPLOYER failed to reimburse EMPLOYEES and the other members of the Class for business expenses incurred as a condition of and in the performance of their job duties, as described above.

Sec. 202:  EMPLOYER willfully failed to pay EMPLOYEES their wages due and payable not later than 72 hours after EMPLOYEES quit their employment, unless EMPLOYEES have given 72 hours previous notice of his or her intention to quit, in which case EMPLOYEES are entitled to their wages at the time of quitting. Notwithstanding any other law EMPLOYEES who quit without providing a 72-hour notice shall be entitled to receive payment by mail if EMPLOYEES so request and designate a mailing address.

Sec. 203:  EMPLOYER willfully failed to pay, without abatement, discharged or quitting EMPLOYEES. EMPLOYER failed to pay EMPLOYEES on the date of separation from employment, and other formerly discharged or quitting employees on their date of separation from employment, all wages and earned compensation due by failing to pay EMPLOYEES for all hours worked and pay overtime wages owed. EMPLOYER'S failure to pay wages as alleged was willful in that EMPLOYER refused to pay said amounts knowing that EMPLOYEES had worked overtime without being compensated for such overtime.

Sec. 204:  EMPLOYER failed to pay all wages earned by EMPLOYEES four times during each calendar month, on days designated in advance by employer as the regular paydays by failing to pay EMPLOYEES the legally-mandated overtime premium rate for overtime hours worked. Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did not take into consideration the total number of hours worked or the number of overtime hours worked.



May 12, 2020
Page 3

Sec. 226:  EMPLOYER failed to furnish, at the time of each payment of wages, to each of his or her EMPLOYEES, an accurate itemized wage statement reflecting the total hours EMPLOYEES worked.

Sec. 226.3:  EMPLOYER violated subdivision (a) of section 226 by failing to furnish, at the time of each payment of wage, to each of his or her EMPLOYEES, an accurate itemized wage statement for all EMPLOYEES' hours worked and EMPLOYEES' hourly rate.  Thus, EMPLOYER is subject to a civil penalty as set forth under this section.

Sec. 226.7:  EMPLOYER failed to provide EMPLOYEES a meal period and rest period in accordance with the applicable order of the Industrial Welfare Commission and failed to pay EMPLOYEES one additional hour of pay at EMPLOYEES' regular rate of compensation for each work day that the meal or rest period was not provided.

Sec. 510:  EMPLOYER failed to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday; any work in excess of 40 hours in any one workweek; the first eight hours worked on the seventh day of work in any one workweek; and at the rate of no less than twice the regular rate of pay of any employee for any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek.  Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did not take into consideration the total number of hours worked or the number of overtime hours worked.

Sec. 512: EMPLOYER employed EMPLOYEES for a period of more than five (5) hours without a meal period of not less than thirty (30) minutes despite a work period of more than six (6) hours a day.  Said meal period was not waived by mutual consent of EMPLOYER and EMPLOYES.  Similarly, EMPLOYER failed to provide EMPLOYEES with the required ten (10) minute rest period per four (4) hours or major fraction thereof.

Sec. 558: EMPLOYER or other persons acting on behalf of EMPLOYER violated, or caused to be violated, Labor Code section 500-558 or any provision regulating hours and days of work in any order of the Industrial Welfare Commission.  EMPLOYER violated Labor Code sections 510 by failing to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek.  EMPLOYER is thus subject to a civil penalty set forth under this section.



Sec. 1174: EMPLOYER failed to keep, at a central location in the state or at the plants or establishments at which EMPLOYEES are employed, payroll records showing the hours worked daily by and the wages paid to employee employed at the respective plants or establishments.

Sec. 1174.5: EMPLOYER violated Labor Code § 1174 by failing to maintain required records and is, therefore, subject to a civil penalty.

Sec. 1194:    Within four (4) years last past EMPLOYER failed to compensate EMPLOYEES the legal overtime compensation. Rather than making the required payments under the applicable wage orders, EMPLOYER only paid EMPLOYEES a flat weekly salary rate that did not take into consideration the number of hours worked or the number of overtime hours worked.    There is no law or wage order that permits EMPLOYER to lawfully pay EMPLOYEES a salary rate that does not compensate EMPLOYEES for all hours worked and all overtime hours worked at the legally mandated rate of pay.

Sec. 1197: EMPLOYER failed to pay EMPLOYEES the minimum wage for employees fixed by the Industrial Welfare Commission.  EMPLOYER failed to compensate EMPLOYEES the minimum wage for all hours worked by paying EMPLOYEES a flat salary rate that did not take into consideration the number of hours worked or the number of overtime hours worked. The payment of less wage than the minimum so fixed is unlawful.

Sec. 1197.1: EMPLOYER or other persons acting either individually or as an officer, agent or employee or another person, paid or cause to paid EMPLOYEES a wage less than the minimum fixed by an order of the commission is thus subject to a civil penalty as set forth under this section.

Sec. 1198:  EMPLOYER employed EMPLOYEES for longer hours than those fixed by the order or under conditions of labor prohibited by §§ 3 and 7 of the Industrial Welfare Commission Wage Order 7 by:

1.    Failing to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday; any work in excess of 40 hours in any one workweek; the first eight hours worked on the seventh day of work in any one workweek; and at the rate of no less than twice the regular rate of pay of any employee for any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek. Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did



May 12, 2020
Page 5

not take into consideration the total number of hours worked or the number of overtime hours worked.

2.      Failing to keep time records of EMPLOYEES showing when the employees begin and end each work period, meal periods, split-shift intervals and total daily hours worked.

        Sec. 1199:  EMPLOYER employed EMPLOYEES for longer hours than those fixed by the order or under conditions of labor prohibited by §§ 3 and 7 of the Industrial Welfare Commission Wage Order 7 by:

1.      Failing to pay its non-exempt EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday; any work in excess of 40 hours in any one workweek; the first eight hours worked on the seventh day of work in any one workweek; and at the rate of no less than twice the regular rate of pay of any employee for any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek. Instead of making the required payments under the aforementioned Labor Code provisions, EMPLOYER only paid EMPLOYEES a flat weekly salary rate which did not take into consideration the total number of hours worked or the number of overtime hours worked.

2.      Failing to keep time records of EMPLOYEES showing when the employee begins and ends each work period, meal periods, split-shift intervals and total daily hours worked.

        Kaveh Naderi, Magdy Sedra and Rodney Philippi's claims brought pursuant to California Labor Code sections 2699, *et seq.* are also set forth in the attached [Proposed] Second Amended Complaint and Demand for Jury Trial and incorporated herein by this reference.

                Very truly yours,
                ARIAS SANGUINETTI WANG & TORRIJOS, LLP

                CRAIG S. MOMITA



May 12, 2020
Page 6

*Enclosures*

# EXHIBIT B

# GARFIELD BEACH CVS, LLC

MPLETE THIS SECTION

ms 1, 2, and 3.
me and address on the reverse
n return the card to you.
rd to the back of the mailpiece,
t if space permits.

ed to:



h CVS, L.L.C.
ORATION SYSTEM
Suite 930
0017

9590 9402 5061 9092 5124 71

2. Article Number (Transfer from service label)

7016 2070 0000 3805 4054

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ d Mail
☐ ____ d Mail Restricted Delivery
   (____ J500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt



ER: COMPLETE THIS SECTION

plete items 1, 2, and 3.
your name and address on the reverse
t we can return the card to you.
this card to the back of the mailpiece,
the front if space permits.

Addressed to:

arfield Beach CVS, L.L.C.
c/o C T CORPORATION SYSTEM (C016840
818 7th Street, Suite 930
Los Angeles 90017

9590 9402 5061 9092 5100 26

7015 0640 0003 0697 3049

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addresse

B. Received by (Printed Name)    C. Date of Delive

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ il
☐ ____ il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricte
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



COMPLETE THIS SECTION

■ te items 1, 2, and 3.
our name and address on the reverse
we can return the card to you.
this card to the back of the mailpiece,
e front if space permits.

ddressed to:

arfield Beach CVS, L.L.C.
o C T CORPORATION SYSTEM
818 7th Street, Suite 930
Los Angeles 90017

9590 9402 5061 9092 5124 57

2. Article Number *(Transfer from service label)*

7016 2070 0000 3805 4108

PS Form **3811**, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X                                    ☐ Agent
                                     ☐ Addresse

B. Received by *(Printed Name)*      C. Date of Deliver

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ Mail
☐ ___ Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restrict
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

Domestic Return Receipt

# LONGS DRUG STORES OF CALIFORNIA, L.L.C.

9017

1024

UNITED STATES POSTAL SERVICE

**COMPLETE THIS SECTION**

■ items 1, 2, and 3.
name and address on the reverse
can return the card to you.
card to the back of the mailpiece,
ont if space permits.

ssed to:

ug Stores California, L.L.C.
CORPORATION SYSTEM
818 7th Street, Suite 930
Los Angeles 90017

9590 9402 5061 9092 5100 33

2. Article Number
7016 2070 0000 3805 4061

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
5/19

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...nsured Mail
☐ ...nsured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



COMPLETE THIS SECTION

items 1, 2, and 3.
ame and address on the reverse
an return the card to you.
ard to the back of the mailpiece,
t if space permits.

Att...
...d to:

...ng Stores California, L.L.C.
...CORPORATION SYSTEM
...18 7th Street, Suite 930
Los Angeles 90017

9590 9402 5061 9092 5100 19

2. Article Number (Transfer from service label)

7015 0640 0003 0697 3025

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X *Iris Garcia*          ☐ Agent
                         ☐ Addresse
B. Received by (Printed Name)    C. Date of Deliver
   Iris Garcia

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restrict
☐ Certified Mail Restricted Delivery    Delivery
☐ Collect on Delivery                ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery  Merchandise
   Mail                             ☐ Signature Confirmation
   Mail Restricted Delivery          ☐ Signature Confirmation
   (over $500)                         Restricted Delivery

orm 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**NDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

Longs Drug Stores California, L.L.C.
c/o C T CORPORATION SYSTEM
818 7th Street, Suite 930
Los Angeles 90017

9590 9402 5061 9092 5100 64

*(Transfer from service label)*

7016 2070 0000 3805 4078

rm 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addresse

B. Received by *(Printed Name)*

C. Date of Deliver

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ... all Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restrict Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Domestic Return Receip

# CALIFORNIA LABOR AND WORKFORCE DEVELOPMENT AGENCY

**SENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3.

Print your name and address on the reverse so that we can return the card to you.

Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

California Labor & Workforce
   Development Agency
Department of Industrial Relations
Accounting Unit
455 Golden Gate Ave, 10th Floor
San Francisco, CA 94102

9590 9402 5061 9092 5100 71

2. Article Number (Transfer from service label)

7015 0640 0003 0697 2981

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
□ Agent
□ Addressee

B. Received by (Printed Name)    C. Date of Delivery

2020 MAY 20    3:54

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:   □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery
   (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation
□ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**...DER: COMPLETE THIS SECTION**

- ...mplete your items 1, 2, and 3.
- ...int your name and address on the reverse ... that we can return the card to you.
- ...tach this card to the back of the mailpiece, ... on the front if space permits.

...icle Addressed to:

California Labor & Workforce
  Development Agency
Department of Industrial Relations
Accounting Unit
455 Golden Gate Ave, 10th Floor
San Francisco, CA 94102

9590 9402 5061 9092 5124 64

2. Article Number (Transfer from service label)

7016 2070 0000 3805 4092

S Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _DEPT. OF INDUST. RELATIONS ACCOUNTING RECEIVED_

☐ Agent
☐ Addresse

B. Received by (Printed Name)

C. Date of Deliver

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

2020 MAY 20  PM 3: 55

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ...Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricte
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation
☐ Signature Confirmation
   Restricted Delivery

Domestic Return Receip

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

California Labor & Workforce
Development Agency
Department of Industrial Relations
Accounting Unit
455 Golden Gate Ave, 10th Floor
San Francisco, CA 94102

9590 9402 5061 9092 5124 40

2. Article Number (Transfer from service label)

7016 2070 0000 3805 4085

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Deliver

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

# EXHIBIT C

**La Donna R. Mc Duffie**

| | |
|---|---|
| **From:** | Craig S. Momita |
| **Sent:** | Thursday, May 14, 2020 3:22 PM |
| **To:** | La Donna R. Mc Duffie |
| **Subject:** | FW: Thank you for submission of your PAGA Case. |

Received.  Thanks!

CRAIG S. MOMITA |  ARIAS SANGUINETTI WANG & TORRIJOS  | (310) 844-9696

-----Original Message-----
From: noreply@salesforce.com <noreply@salesforce.com> On Behalf Of LWDA DO NOT REPLY
Sent: Thursday, May 14, 2020 3:21 PM
To: Craig S. Momita <craig@aswtlawyers.com>
Subject: Thank you for submission of your PAGA Case.

5/14/2020

LWDA Case No. LWDA-CM-786673-20
Law Firm : Arias Sanguinetti Wang & Torrijos, LLP Plaintiff Name : Kaveh Naderi
Employer: Garfield Beach CVS, L.L.C.

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

**La Donna R. Mc Duffie**

| | |
|---|---|
| **From:** | Craig S. Momita |
| **Sent:** | Thursday, May 14, 2020 3:56 PM |
| **To:** | La Donna R. Mc Duffie |
| **Subject:** | FW: Thank you for submission of your PAGA Case. |

CRAIG S. MOMITA |  ARIAS SANGUINETTI WANG & TORRIJOS  | (310) 844-9696

-----Original Message-----
From: noreply@salesforce.com <noreply@salesforce.com> On Behalf Of LWDA DO NOT REPLY
Sent: Thursday, May 14, 2020 3:31 PM
To: Craig S. Momita <craig@aswtlawyers.com>
Subject: Thank you for submission of your PAGA Case.

5/14/2020

LWDA Case No. LWDA-CM-786675-20
Law Firm : Arias Sanguinetti Wang & Torrijos, LLP Plaintiff Name : Magdy Sedra
Employer: Garfield Beach CVS, L.L.C.

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

**La Donna R. Mc Duffie**

| | |
|---|---|
| **From:** | Craig S. Momita |
| **Sent:** | Thursday, May 14, 2020 3:56 PM |
| **To:** | La Donna R. Mc Duffie |
| **Subject:** | FW: Thank you for submission of your PAGA Case. |

CRAIG S. MOMITA |  ARIAS SANGUINETTI WANG & TORRIJOS  | (310) 844-9696

-----Original Message-----
From: noreply@salesforce.com <noreply@salesforce.com> On Behalf Of LWDA DO NOT REPLY
Sent: Thursday, May 14, 2020 3:37 PM
To: Craig S. Momita <craig@aswtlawyers.com>
Subject: Thank you for submission of your PAGA Case.

5/14/2020

LWDA Case No. LWDA-CM-786678-20
Law Firm : Arias Sanguinetti Wang & Torrijos, LLP Plaintiff Name : Rodney Philippi
Employer: Garfield Beach CVS, L.L.C.

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm