Mike Arias (SBN 115385)
  mike@aswtlawyers.com
Alfredo Torrijos (SBN 222458)
  alfredo@aswtlawyers.com
Craig S. Momita (SBN 163347)
  craig@aswtlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile:  (310) 861-0168

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH NADERI, et al.,<br><br>      Plaintiffs,<br><br>   vs.<br><br>GARFIELD BEACH CVS, L.L.C., et al.,<br><br>      Defendants. | Case No. 2:20-cv-05287- FLA (AFMx)<br><br>Hon. Fernando L. Aenlle-Rocha<br>Courtroom: 6B<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT PURSUANT TO THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT [CAL. LAB CODE § 2699(L)] AND ENTER FINAL JUDGMENT; AND DECLARATIONS IN SUPPORT**<br><br>Hearing Date:  January 28, 2022<br>Time:       1:30 p.m.<br>Courtroom.:   6B |

ARIAS SANGUINETTI WANG & TORRIJOS LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA
SETTLEMENT

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on  January 28, 2022, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6B of the First Street Courthouse, located at 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Plaintiffs Kaveh Naderi, Magdy Sedra and Rodney Philippi will, and hereby do, move this Court for an order granting approval of a Settlement Agreement made pursuant to the Private Attorneys General Act of 2004, Lab. Code, §§ 2698, *et seq*.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declarations of Mike Arias and Craig S. Momita and all exhibits attached thereto, on all records on file in this matter, and on such other evidence and oral argument as may properly come before the Court at the time of hearing on this motion.

Dated:  November 23, 2021          **ARIAS SANGUINETTI WANG
                                   & TORRIJOS, LLP**


By: _____
    MIKE ARIAS
    CRAIG S. MOMITA

    Attorneys for Plaintiffs

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA
SETTLEMENT

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.      INTRODUCTION ................................................................. 1

II.     BACKGROUND ................................................................. 2

    A. Procedural History ......................................................... 2

    B.   Plaintiffs' Allegations and Defendant's Defenses ......................... 2

    C.   PAGA Notices ............................................................ 3

    D.   Negotiations ............................................................. 3

III.    DISCOVERY AND INVESTIGATION OF THE PAGA CLAIMS ... 4

IV.     SUMMARY OF THE SETTLEMENT TERMS .................................. 5

    A.   PAGA Settlement Employees ............................................. 5

    B.   Settlement Amounts ...................................................... 5

    C.   The Scope of the Release in the Settlement Agreement ................. 6

    D.   No Right to Object to or Opt Out of the Settlement .................... 7

V.      COURTS ROUTINELY APPROVE PAGA SETTLEMENTS ......... 8

VI.     THIS SETTLEMENT IS FAIR AND SHOULD BE APPROVED ... 11

    A.   This Agreement is Entitled to a Presumption of Fairness ......... 11

    B.   The Uncertainty of the State's Success on the
        Merits Strongly Favors Approval of the Settlement ............... 13

    C.   The Settlement Avoids Risky, Complex, and
        Lengthy Further Litigation ........................................... 14

    D.   The Settlement Is Fair ................................................ 15

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA
SETTLEMENT

E.   The Experience and Views of Plaintiffs' Counsel
Favor Approval of the Settlement .............................................. 18

VII.   ATTORNEY FEES REQUESTED ARE REASONABLE –
LODESTAR METHOD ...................................................................... 18

VIII.   THE PROPOSED NOTICE TO THE PAGA SETTLEMENT
GROUP EMPLOYEES SHOULD BE APPROVED ......................... 20

IX.   CONCLUSION ................................................................................... 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS SANGUINETTI WANG & TORRIJOS LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA
SETTLEMENT

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aguirre v. Genesis Logistics*
  2013 WL 10936035 ....................................................................... 16

*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*
  46 Cal. 4th 993 (2009) .............................................................. 8, 10

*Arias v. Sup. Ct.*
  46 Cal. 4th 969 (2009) .............................................................. 8, 10

*Boyd v. Bechtel Corp.*
  485 F. Supp. 610 (N.D. Cal. 1979) ......................................... 12, 13

*Camacho v. Bridgeport Fin., Inc.*
  523 F.3d 973 (9th Cir. 2008) ......................................................... 19

*Carson v. Billings Police Dep't.*
  470 F.3d 889 (9th Cir. 2006) ......................................................... 19

*Chu v. Wells Fargo Investments, LLC*
  2011 WL 672645 ...................................................................... 9, 17

*Class Plaintiffs v. City of Seattle*
  955 F.2d 1268 (9th Cir. 1992) ....................................................... 14

*Cotter v. Lyft, Inc.*
  193 F. Supp. 3d 1030 (N.D. Cal. 2016) ........................................ 16

*Dunk v. Ford Motor Co.*
  48 Cal. App. 4th 1794 (1996) ......................................................... 9

*Elliot v. Spherion Pacific Work, LLC*
  572 F. Supp. 2d 1169 (C.D. Cal. 2008) ......................................... 13

*Fireside Bank v. Superior Court*
  40 Cal. 4th 1069 (2007) ................................................................. 8

*Flemming v. Covidien, Inc.*
  2011 WL 756304718 ............................................................... 16, 17

ARIAS SANGUINETTI WANG & TORRIJOS LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA SETTLEMENT

ARIAS SANGUINETTI WANG & TORRIJOS LLP

*Franco v. Ruiz Food Products, Inc.*
   2012 WL 5941801 ................................................................................. 9, 17
*Garcia v. Gordon Trucking, Inc.*
   2012 WL 5364575 ................................................................................. 9, 17
*Guinn v. Dotson*
   23 Cal.App.4th 262 (1994)........................................................................ 19
*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998).................................................................... 10
*Horsford v. Board of Trustees of Calif. State Univ.*
   132 Cal.App.4th 359 (2005)....................................................................... 19
*Iskanian v. CLS Transportation Los Angeles, LLC*
   59 Cal. 4th 348 (2014)........................................................................ 8, 10
*Ketchum v. Moses*
   24 Cal.4th 1122 (2001)............................................................................. 18
*Kirkorian v. Borelli*
   695 F. Supp. 446 (N.D. Cal. 1988) ............................................................ 13
*Litty v. Merrill Lynch & Co., Inc.*
   2014 WL 5904904 .................................................................................. *13*
*National Rural Telecommunications Cooperative v. DIRECTV, Inc.*
   221 F.R.D. 523 (C.D. Cal. 2004) ............................................................... 14
*Nichols v. City of Taft*
   155 Cal.App.4th 1233 (2007)..................................................................... 18
*Mendez v. Tween Brands, Inc.*
   2010 WL 2650571................................................................................... 10
*Nordstrom Com. Cases*
   186 Cal. App. 4th 576 (2010)................................................................. 9, 17
*Ochoa-Hernandez v. Cjaders Foods, Inc.*
   N.D. Cal., Apr. 2, 2010, No. C 082073 MHP ...................................... 7, 10, 11

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA
SETTLEMENT

**ARIAS SANGUINETTI WANG & TORRIJOS LLP**

*Officers for Justice v. Civil Service Com'n of City and County of San Francisco*
  688 F.2d 615 (9th Cir. 1982) ......................................................... 15
*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*
  478 US 546 (1986) ....................................................................... 18
*Richmond v. Dart Industries, Inc.*
  29 Cal. 3d 462 (1981) .................................................................... 8
*Schiller v. David's Bridal, Inc.*
  2012 WL 2117001 .................................................................. 9, 17
*Serrano v. Priest*
  20 Cal.3d 25 (1977) ...................................................................... 18
*Serrano v. Swissport North America, Inc.*
  2013 WL 12145614 ...................................................................... 16
*Serrano v. Unruh*
  32 Cal.3d 621 (1982) .................................................................... 19
*Singh v. Roadrunner Intermodal Servs., LLC*
  2019 U.S. Dist. LEXIS 11724 ........................................................ 1
*United Steelworkers of Am. v. Phelps Dodge Corp.*
  896 F.2d 403 (9th Cir. 1990) ......................................................... 19
*Wershba v. Apple Computer, Inc.*
  91 Cal. App. 4th 224 (2001) ......................................................... 11
*Williams v. Superior Court*
  3 Cal. 5th 531 (2017) ......................................................... 7, 8, 18

**STATUTES**

CAL. LAB. CODE
  §200 .............................................................................................. 6
  §201 .............................................................................................. 6
  §202 .............................................................................................. 6

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA
SETTLEMENT

ARIAS SANGUINETTI WANG & TORRIJOS LLP

§203 ....................................................................................... 6

§204 ....................................................................................... 6

§226 ....................................................................................... 6

§226.3 .................................................................................... 6

§226.7 .................................................................................... 6

§ 510 ...................................................................................... 6

§512 ....................................................................................... 6

§ 558 ...................................................................................... 6

§1174 ..................................................................................... 7

§1174.5 .................................................................................. 7

§1182.12 ................................................................................ 7

§ 1194 .................................................................................... 6

§1197 ..................................................................................... 7

§1197.1 .................................................................................. 7

§ 1198 ................................................................................. 6, 7

§1199 ..................................................................................... 7

§ 2699(a) ................................................................................ 9

§ 2699(e)(2) ......................................................................... 16

§ 2699(f)(2) .......................................................................... 16

§ 2699(g)(1)(I) ..................................................................... 18

§ 2699(j) ............................................................................... 10

§ 2699(l) ................................................................................. 1

§ 2699(l)(2) ........................................................................ 3, 9

§ 2802 .................................................................................... 6

## OTHER AUTHORITIES

*DCH Auto Wage and Hour Cases*

Los Angeles Superior Court, No. JCCP4833 (May 2017) ...................... 9, 17

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA
SETTLEMENT

*Mosse v. CVS Caremark Corporation*

     Los Angeles Superior Court Case No. BC387082

     (March 11, 2008) ............................................................................4, 11, 12, 17

*Parker, et al. v. Garfield Beach CVS, LLC*

     Los Angeles Superior Court Case No. BC547735 (June 5, 2014) ....... 4, 12

*Resendez v. Bridgestone Retail Operations, LLC*

     Los Angeles County Superior Court, No. BC596892 (June 2016) ............ 9

**ARIAS SANGUINETTI WANG & TORRIJOS LLP**

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA
SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Kaveh Naderi ("Naderi"), Magdy Sedra ("Sedra") and Rodney Philippi ("Philippi") (collectively, "Plaintiffs") hereby seek approval by the Court under Cal. Lab. Code § 2699(l) of a settlement of claims for civil penalties brought under the Private Attorneys General Act, California Labor Code section 2698, e*t seq*., ("PAGA") and Defendants Garfield Beach CVS, LLC and Longs Drug Stores California, LLC ("Defendants") (collectively, the "Parties") have agreed to resolve Plaintiffs' Action ("Action" or "Complaint"). (See Dkt. #26, Second Amended Complaint). Plaintiffs seek entry of a proposed order and judgment granting approval of the PAGA settlement. As consideration for this settlement, Defendants will fund a non-reversionary settlement of One Hundred and Forty-Five Thousand Dollars and Zero Cents ($145,000.00) (the "Maximum Settlement Amount").

The Parties have agreed to bear their own costs associated with the settlement of the PAGA claims, and, if approved, the entire Maximum Settlement Amount (minus attorney fees) will be divided among the California's Labor Workforce Development Agency ("LWDA") and the approximately 557 aggrieved employees. Additionally, Plaintiffs are <u>not</u> requesting service payments for their services provided in acting as the authorized proxies and agents for the State of California and the LWDA to achieve the settlement herein.

As set forth below, the Parties believe this is a fair result of the PAGA litigation and agree that the settlement, as described below, is fundamentally fair, reasonable and adequate, and furthers the purpose of the PAGA, which is to enforce compliance with the Labor Code. *See Singh v. Roadrunner Intermodal Servs*., LLC, 2019 U.S. Dist. LEXIS 11724, 2019 WL 316814. Notice of the terms of this settlement have simultaneously been filed with

ARIAS SANGUINETTI WANG & TORRIJOS LLP

1   LWDA pursuant to Cal. Lab. Code § 2699(l). (Declaration of Craig S. Momita

2   ("Momita Decl.') ¶ 6.)

3        Plaintiffs request that the Court enter an order (1) approving the Parties'

4   Private Attorneys General Act Settlement Agreement and Release

5   ("Settlement," "Agreement," or "PAGA Settlement Agreement"), ("Momita

6   Decl. ¶ 3, Ex. 1.) along with the Parties' proposed Notice of Settlement to be

7   disseminated to Plaintiffs or Aggrieved Employees pursuant to the Settlement

8   Agreement (Momita Decl. ¶ 4, Ex. 2.); and (2) entering final judgment in the

9   form of the Proposed Order filed concurrently with this Motion.

10  **II.    BACKGROUND**

11      **A.    Procedural History**

12       Defendants are a drug store chain that operate hundreds of stores in

13  California. Plaintiffs were formerly employed with Defendants as exempt store

14  managers in California. In connection with that employment, various disputes

15  arose, including, but not limited to, the following: (1) on February 27, 2020,

16  Kaveh Naderi and Magdy Sedra filed a civil complaint against Defendants in the

17  Superior Court of the State of California for the County of Los Angeles, Case No.

18  20STCV07772, titled *Kaveh Naderi, et al. v. Garfield Beach CVS, LLC, et al.*; (2)

19  on March 6, 2020, a first amended complaint was filed, adding as named plaintiffs

20  Merat Furokhnia, Christina Bartley, Nicholas Schirato, Erik Valenzuela, Michael

21  Grosenheider, and Scott Gleason; (3) Defendants removed the action to United

22  States District Court for the Central District of California, Case No. 2:20-cv-

23  05287; and (4) on February 16, 2021, a second amended complaint was filed,

24  leaving the three remaining named plaintiffs Naderi, Sedra and Philippi.

25      **B.    Plaintiffs' Allegations and Defendant's Defenses**

26       Plaintiffs assert claims for PAGA penalties arising from Defendants alleged

27  (1) failure to reimburse employee expenses; (2) unfair competition; (3) unlawful

28  nonpayment of overtime compensation; (4) failure to compensate for all hours

ARIAS SANGUINETTI WANG & TORRIJOS LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA
SETTLEMENT

worked; (5) unfair business practices; (6) failure to pay wages upon discharge; (7) failure to provide meal breaks; (8) failure to provide rest breaks; (9) failure to furnish wage and hour statements based on their alleged misclassification as exempt employees; and, (10) penalties pursuant to California Labor Code Private Attorneys General Act. (See Dkt. #26, Second Amended Complaint.)

Defendants deny all of the allegations in the Action and deny that they have violated any section of the Labor Code or committed any misconduct, statutory, or regulatory violation, wrongdoing, or any other actionable conduct of any kind. Defendants maintain that Plaintiffs are properly classified as exempt employees.

### C.    PAGA Notices

On May 14, 2020, Plaintiffs Naderi, Sedra and Philippi provided the LWDA with written notices of their intent to assert claims under PAGA and the basis for those claims, to which the LWDA did not respond (Claim Nos. LWDA-CM-786673-20; LWDA-CM-786675-20; and LWDA-CM-786678-20). (Momita Decl. ¶ 5, Ex. 3.) Plaintiffs submitted the fully executed PAGA Settlement Agreement to the LWDA concurrently with this submission to the Court in conformity with Labor Code section 2699, subdivision (l)(2). (Momita Decl. ¶ 6, Ex. 2.)

### D.    Negotiations

The Parties were assigned Phyllis Cheng, Esq. as a mediator in the Action and conducted a mediation session with her on March 9, 2021 but were unable to resolve the Action at that time but have continued to work together to exchange information and engage in settlement negotiations. In early July, 2021 to avoid further litigation, the Parties reached an agreement to compromise and settle all PAGA claims under the terms and conditions set forth in the Agreement. (Momita Decl. ¶ 7.)

On July 21, 2021, Defendants filed a Notice of Settlement. (Dkt. #36.) (Momita Decl. ¶ 8.) The settlement was reached through arm's length

ARIAS SANGUINETTI WANG & TORRIJOS LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA SETTLEMENT

bargaining and thorough investigations into the merits of the Parties' claims and defenses to allow counsel to act intelligently and in a manner to reach a reasonable settlement. (*Id.*)

## III.   DISCOVERY AND INVESTIGATION OF THE PAGA CLAIMS

Counsel for the parties engaged in informal discovery efforts including several meet and confer efforts to discuss resolution of the PAGA claim. Moreover, Plaintiffs' counsel previously litigated similar actions based on a misclassification theory on behalf of CVS store managers in two prior class actions titled: (1), *Mosse v. CVS Caremark Corporation*, Los Angeles Superior Court Case No. BC387082 (filed March 11, 2008) (the "*Mosse* Action"), in which Final Judgment (following final approval of class action settlement) was entered on March 27, 2012; and (2) *Parker, et al. v. Garfield Beach CVS, LLC*, Los Angeles Superior Court Case No. BC547735 (filed June 5, 2014) (the "*Parker* Action"). Additionally, Plaintiffs' counsel brought an individual action based on the same misclassification theory on behalf of 13 CVS store managers in *Hargis, et al. v. Garfield Beach CVS, LLC, et al.*, Central District of California Case No. 2:19-cv-2224 (State Action filed February 7, 2019) (the "*Hargis* Action"). (Momita Decl. at ¶ 9.)

Pursuant to the litigation of the *Mosse* Action, the *Parker* Action, and the *Hargis* Action, the parties have already exchanged significant discovery as to the relevant issues and, in connection with this Action, have shared additional information. (Momita Decl. at ¶ 10.)

Plaintiffs' Counsel has also invested significant time reviewing and analyzing relevant documents and data to evaluate Plaintiffs' claims, including, but not limited to, calculating the potential monetary recovery under the PAGA. (Momita Decl. at ¶ 13.)

///

///

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA SETTLEMENT

**ARIAS SANGUINETTI WANG & TORRIJOS LLP**

## IV.    SUMMARY OF THE SETTLEMENT TERMS

The Parties have agreed to settle Plaintiffs' PAGA claims by agreement upon the terms and conditions and for the consideration set forth in the PAGA Settlement Agreement, a copy of which is attached to Momita Decl. as Exhibit "1". A summary of the key terms of the Settlement is as follows:

### A.    PAGA Settlement Employees

PAGA Settlement Employees means all individuals employed by Defendants as current or former exempt Store Managers in California at any time during the PAGA Release Period which is defined as the period from May 14, 2019 through the Approval Date (which means the date that the Court enters the Approval Order, i.e., the order approving the Agreement).

### B.    Settlement Amounts

1.    <u>Maximum Settlement Amount</u>. Maximum Settlement Amount is the sum of One Hundred Forty-Five Thousand Dollars ($145,000.00), which represents the maximum amount payable pursuant to this settlement by Defendants, and which includes: (1) the PAGA Payment (as defined below); (2) Plaintiffs' Counsel's attorney's fees (not to exceed 33 percent of the Maximum Settlement Amount, i.e., the sum of $47,850.00); and (3) Settlement Administration Costs ($6,500.00).

2.    <u>PAGA Payment</u>. PAGA Payment means the portion of the Maximum Settlement Amount after deducting Plaintiffs' Counsel's attorney fees to be approved by the Court ($47,850.00), and Settlement Administration Costs ($6,500.00) which totals Ninety Thousand Six Hundred and Fifty Dollars ($90,650.00). $90,650.00 represents the amount payable in this settlement for PAGA civil penalties, 75% of which will be paid to the LWDA ($67,987.50) and 25% of which will be paid to the PAGA Settlement Employees ($22,662.50).

3.    <u>Attorney's Fees</u>. Pursuant to the PAGA Settlement, Defendants

agreed to pay attorney's fees subject to approval by the Court incurred in prosecuting the PAGA claim from inception in the amount of ($47,850.00). The parties have met and conferred to discuss Plaintiffs' lodestar and request for attorney fees. Defendant does not object to Plaintiffs' counsel seeking these fees in this Motion. The attorney fees incurred by Plaintiffs' counsel to date exceed the amount requested.  (Momita Decl. at ¶ 16.)

### C.    The Scope of the Release in the Settlement Agreement

As defined in the Settlement, in consideration of Defendants' agreements in the PAGA Settlement, Plaintiffs agree to fully release and discharge the "Releasees" from all claims that were actually alleged or could have been alleged on behalf of the State of California in the applicable PAGA Notices to the LWDA and the Second Amended Complaint. (Dkt. #26.)

<u>PAGA Released Claims.</u> PAGA Released Claims means any and all claims against Releasees that have been or could have been asserted under PAGA based upon any or all of the facts and theories, California Labor Code violations, and/or associated Wage Order violations, alleged in the Action and/or in the May 14, 2020 LWDA PAGA Notice Letters sent on behalf of Plaintiffs (copies of which are attached as Exhibit 3 to Momita Decl.), that accrued through and including the Approval Date. These claims are released by Plaintiffs in their representative capacities as authorized proxies and agents for the State of California and the LWDA and as private attorney general "aggrieved employees" acting on behalf of themselves and the PAGA Settlement Employees, for civil penalties under PAGA, including, but not limited to, for the alleged:  failure to reimburse expenses (Cal. Labor Code § 2802); failure to timely pay wages due (Cal. Labor Code §§ 200-204); failure to furnish accurate wage statements (Cal. Labor Code §§ 226, 226.3); failure to provide meal and rest periods (Cal. Labor Code §§ 226.7, 512); failure to pay overtime wages (Cal. Labor Code §§ 510, 558, 1194, 1198); failure to

ARIAS SANGUINETTI WANG & TORRIJOS LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA SETTLEMENT

maintain payroll records (Cal. Labor Code §§ 1174, 1174.5); and failure to pay minimum wages (Cal. Labor Code §§ 1182.12, 1197, 1197.1, 1198, 1199).

Further, the release of the PAGA Released Claims shall be effective through the PAGA Release Period, which is defined as the period from May 14, 2019 (one year prior to the date of the first PAGA letter) through and including the Effective Date as defined in the Agreement. (*Id.*)

Releasees. As provided in the Agreement, the "Releasees" means Garfield Beach CVS, LLC, Longs Drug Stores California, LLC, and their parents, subsidiaries, affiliates, owners, predecessors, successors, and associated organizations, past and present, and each of their respective trustees, directors, officers, agents, joint employers, attorneys, managing agents, employees, contractors, insurers, representatives, assigns, all persons acting by, through, under, or in concert with any of them, and/or all persons acting on behalf of them.

**D.    No Right to Object to or Opt Out of the Settlement**

Under applicable law, aggrieved employees cannot opt out of, or object to the Settlement. "[A] PAGA action is a statutory action for penalties brought as a proxy for the state," as such, "there is no need to protect absent employees' due process rights[.]" *Williams v. Superior Court* (2017) 3 Cal. 5th 531 (citation omitted). "Unnamed employees need not be given notice of the PAGA claim, nor do they have the ability to opt-out of the representative PAGA claim." *Ochoa-Hernandez v. Cjaders Foods, Inc.* N.D. Cal., Apr. 2, 2010, No. C 082073 MHP. "PAGA does not make other potentially aggrieved employees parties" to the action and no "due process concerns arise under PAGA because absent employees do not own a personal claim for PAGA civil penalties, and whatever personal claims the absent employees might have for relief are not at stake." *Williams*, *supra*, 3 Cal. 5th at p. 546–47, and n.4 (*citing

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA SETTLEMENT

*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court* (2009) 46 Cal. 4th 993, 1003 [95 Cal. Rptr.3d 605, 209 P.3d 937]; *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal. 4th 348, 381 [173 Cal. Rptr. 3d 289, 327 P.3d 129].) "[A]bsent fellow employees will be bound by the outcome of any PAGA action[.]" *Williams*, *supra*, 3 Cal. 5th at p. 548; *Fireside Bank v. Superior Court* (2007) 40 Cal. 4th 1069; *Richmond v. Dart Industries, Inc.* (1981) 29 Cal. 3d 462, 629 P.2d 23. "[J]udgment in such an action is binding not only on the named employee plaintiffs but also on government agencies and any aggrieved employee not a party to the proceeding" because "the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies[,]" "collateral estoppel applies [. . .] against those for whom the party acted as an agent or proxy[,]" and "[w]hen a government agency is authorized to bring an action on behalf of an individual or in the public interest, and a private person lacks an independent legal right to bring the action, a person who is not a party but who is represented by the agency is bound by the judgment as though the person were a party." *Arias*, *supra*, 46 Cal. 4th at p. 985–86 (citations omitted).

Here, pursuant to applicable California law, the Parties agree that there is no statutory right for any PAGA Settlement Member to object, opt-out, or otherwise exclude himself or herself from the Settlement.

## V.   COURTS ROUTINELY APPROVE PAGA SETTLEMENTS

It is well-established that PAGA serves to augment the limited enforcement capability of the Labor and Workforce Development Agency by empowering employees to bring actions to enforce California's labor standards. *Iskanian v. CLS Transportation L.A., LLC* (2014) 59 Cal.4th 348, 383; *accord Arias v. Sup. Ct.* (2009) 46 Cal. 4th 969, 986 ["The act's declared purpose is to supplement enforcement actions by public agencies, which lack adequate resources to bring such actions themselves."]. To that end, PAGA allows an "aggrieved employee"

to bring a civil action on behalf of himself or herself and on behalf of other aggrieved employees and the State of California to recover civil penalties that, outside of PAGA, only the LWDA can assess and collect from an employer. (Cal. Lab. Code, § 2699, subd. (a).

The settlement of a PAGA action requires court approval. (*See* Cal. Lab. Code, § 2699, subd. (l)(2) ("The superior court shall review and approve any settlement of any civil action filed pursuant to this part.").) Although Labor Code section 2699, subdivision (1) does not set forth criteria for evaluating PAGA settlements, courts have consistently approved settlements of PAGA claims. *See, e.g., Resendez v. Bridgestone Retail Operations, LLC*, Los Angeles County Superior Court, No. BC596892 (June 2016), *DCH Auto Wage and Hour Cases*, Los Angeles County Superior Court, No. JCCP4833 (May 2017); *Garcia v. Gordon Trucking, Inc.* (E.D. Cal., Oct. 31, 2012, No. 1:10-CV-0324 AWI SKO) 2012 WL 5364575, at *3; *Schiller v. David's Bridal, Inc.* (E.D. Cal., June 11, 2012, No. 1:10-CV-00616-AWI) 2012 WL 2117001, at *14; *Chu v. Wells Fargo Investments, LLC* (N.D. Cal., Feb. 16, 2011, No. C-05-4526-MHP) 2011 WL 672645, at *1; *Franco v. Ruiz Food Products, Inc.* (E.D. Cal., Nov. 27, 2012, No. 1:10-CV-02354-SKO) 2012 WL 5941801, at *14; *Nordstrom Com. Cases* (2010) 186 Cal. App. 4th 576, 589.

In the similar context of wage and hour class actions, the courts review settlements to determine whether the proposed settlement is within the range of reasonableness considering the strength of the claims against the proposed settlement, the risk, expense, complexity and likely duration of further litigation, the extent of discovery completed and the stage of the proceedings, and the experience and views of counsel. *Dunk v. Ford Motor Co.* (1996) 48 Cal. App. 4th 1794, 1801. Furthermore, courts must give "proper deference to the private consensual decision of the parties" because "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the

ARIAS SANGUINETTI WANG & TORRIJOS LLP

parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011, 1027.

The purpose of the PAGA is "to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies." *See Ochoa-Hernandez v. Cjaders Foods, Inc.,* (N.D. Cal., Apr. 2, 2010, No. C 08-2073 MHP) 2010 WL 1340777, at *4 (citing *Arias*, *supra*, 46 Cal. 4th at p. 986). Penalties recovered under the PAGA are, in part, to "be distributed to the [LWDA] for enforcement of labor laws and for education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes." (Cal. Lab. Code § 2699, subd. (j).) The recovery of penalties on behalf of the State, by way of a PAGA claim, is essentially a law enforcement action. *See Amalgamated Transit Union, Local 1756, AFL-CIO*, *supra*, 46 Cal. 4th at p. 1003 (stating that the PAGA is a mechanism for "an aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be sought by state labor law enforcement agencies"); *see also Iskanian*, *supra*, 59 Cal. 4th at p. 381. "Unnamed employees need not be given notice of the PAGA claim, nor do they have the ability to opt-out of the representative PAGA claim." *Ochoa-Hernandez*, *supra*, 2010 WL at p. at *5.

This renders the approval process of a PAGA settlement distinct from a class action settlement. "The remedy sought in a PAGA suit consists of civil penalties, not individual or class damages." *Mendez v. Tween Brands, Inc.* (E.D. Cal., June 1, 2010, No. 2:10-CV-00072-MCE) 2010 WL 2650571, at

ARIAS SANGUINETTI WANG & TORRIJOS LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA SETTLEMENT

*4.) Therefore, when evaluating the adequacy of a PAGA settlement, courts focus **not on the amount paid to allegedly "aggrieved employees," but instead on whether the total settlement advances PAGA's objectives**. "Unlike class actions, these civil penalties are not meant to compensate unnamed employees because the action is fundamentally a law enforcement action." (emphasis added) *Ochoa-Hernandez*, *supra*, 2010 WL at p. at *4. "Unlike a class action seeking damages or injunctive relief for injured employees, the purpose of PAGA is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies." *Ibid.* Moreover, a reviewing court must take into account the fact that settlement of a PAGA claim – like any settlement – involves a compromise that reflects the risks faced by both parties.

## VI.   THIS SETTLEMENT IS FAIR AND SHOULD BE APPROVED

This Settlement was reached in good faith following active litigation in class and individual actions spanning nearly 13 years commencing with the *Mosse* Action. The Agreement to settle these PAGA civil penalty claims considers all relevant factors, present and potential. It fulfills the objectives of the PAGA statute, is fair, and meets all the criteria for approval for the reasons discussed below.

### A.   This Agreement is Entitled to a Presumption of Fairness.

A settlement agreement that is "the product of extensive and hard-fought adversarial negotiations between the parties" is entitled to a presumption of fairness. *Wershba v. Apple Computer, Inc.* (2001) 91 Cal. App. 4th 224, 245.

In this case, the Settlement is presumptively fair because (1) it is the product of non-collusive negotiations; (2) it was negotiated by counsel with experience in similar complex labor and employment matters; and (3) it occurred after counsel for the Parties engaged in significant investigation to

evaluate the strength and potential value of the PAGA claims, the risks of litigating these claims through trial, and after the Parties have litigated two previous class actions and one previous individual action on related wage and hour claims.

The settlement was reached through arm's length bargaining and thorough investigations into the merit of the Parties' claims and defenses to allow counsel to act intelligently. (Momita Decl. ¶ 8.) As described above, Plaintiffs thoroughly investigated and evaluated this case before reaching the proposed settlement, engaged in sufficient investigation and discovery, and evaluated the factual strengths and weaknesses of this case, to support the settlement. (Momita Decl. ¶ 11.) After engaging in extensive formal and informal discovery including the exchange of written discovery responses and document requests, numerous plaintiff and witness depositions and numerous expert and PMK depositions, in the *Mosse* Action, the *Parker* Action, and the *Hargis* Action, the Parties participated in settlement negotiations to try to resolve the lawsuit. (Momita Decl., ¶ 10.) Plaintiffs evaluated all aspects of the PAGA case, including the risks and delays of further litigation, the risks to the Parties of proceeding with trial, the law relating to representative PAGA actions, wage and hour enforcement, the evidence produced and analyzed, and the risks of trial and appeals. (Momita Decl., ¶ 12.) Accordingly, the settlement came only after the case was fully investigated by counsel. This litigation, therefore, had reached the stage where "the Parties certainly have a clear view of the strengths and weaknesses of their cases" sufficient to support the settlement. *Boyd v. Bechtel Corp.* (N.D. Cal. 1979) 485 F. Supp. 610, 617.

The Parties agree that this matter is a fair and reasonable compromise, permitting the Parties and the Court to avoid further expense and effort given the strengths and weaknesses of the PAGA claims. (Momita Decl., ¶ 14.) Plaintiffs believe that the settlement is a fair, adequate, and reasonable

resolution of this matter. (Momita Decl., ¶ 15.) Further, the Court may give considerable weight to the competency, experience, and opinion of counsel in assuring that the Settlement was a product of hard-fought, arms-length negotiations that were entered into without collusion. *See Kirkorian v. Borelli* (N.D. Cal. 1988) 695 F. Supp. 446, 451 (in connection with class settlement opinion of experienced counsel is entitled to considerable weight) (declined to follow on other grounds); *Boyd v. Bechtel Corp.* (N.D. Cal. 1979) 485 F. Supp. 610, 616–17, 622 (recommendations of plaintiffs' counsel in class settlement should be given a presumption of reasonableness). Here, Plaintiffs' counsel has experience in representative and class action wage and hour litigation. (Momita Decl., ¶ 17, Declaration of Mike Arias ("Arias Decl.") ¶¶ 9-10.)

**B.    The Uncertainty of the State's Success on the Merits Strongly Favors Approval of the Settlement**

In order for Plaintiffs to prevail on the PAGA claims, they would have to prove the underlying Labor Code violations for all PAGA Settlement Employees and demonstrate that Defendants' conduct gives rise to penalties. *See e.g., Elliot v. Spherion Pacific Work, LLC* (C.D. Cal. 2008) 572 F. Supp. 2d 1169, 1181-82 ["Plaintiff's claim under the [PAGA] is wholly dependent upon his other claims. Because all of Plaintiff's other claims fail as a matter of law, so does his PAGA claim."]. Further, courts and due process require that the adjudication of the PAGA claim meet a "manageability" requirement. *See, e.g., Litty v. Merrill Lynch & Co., Inc.* (C.D. Cal., Nov. 10, 2014, No. CV 14-0425 PA PJWX) 2014 WL 5904904, at *3 (dismissing PAGA claim because a multitude of individualized assessments would be necessary, making the PAGA claim unmanageable).

Plaintiffs contend that they were misclassified as exempt store managers under California's wage orders and related statutes. Specifically, Plaintiffs allege that Defendants violated the California Labor Code by, *inter alia*,

failing to compensate Plaintiffs' overtime, provide meal and rest periods, pay all wages owed at termination, compensate Plaintiffs for all hours and worked, and provide accurate itemized wage statements.

Defendants deny all of Plaintiffs' material allegations and maintained several defenses that had the potential to eliminate or substantially reduce recovery. Throughout the lengthy litigation between the Parties, Defendants allege that Plaintiffs have been and continue to be properly classified as exempt employees. Further, Defendants maintained, and continue to maintain, that it had, and continue to have, legally compliant employment policies and practices throughout the period at issue. Defendants deny that they violated any provision of the Labor Code.

While Plaintiffs remain confident in their claims, they seriously had to consider that protracted litigation would be necessary to see the matter through appeal if some or all the defenses raised by Defendants were successful. (Momita Decl., ¶ 18.)  Moreover, the continued litigation of these claims will result in a significant burden on the Court.

**C.    The Settlement Avoids Risky, Complex, and Lengthy Further Litigation**

Courts favor the voluntary conciliation and settlement of complex litigation. *Class Plaintiffs v. City of Seattle* (9th Cir. 1992) 955 F.2d 1268, 1276. Generally, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *National Rural Telecommunications Cooperative v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 526 (citation omitted).

As described above, both sides thoroughly investigated the veracity, strength, and scope of the PAGA claims with the backdrop of having over a decade of litigation experience starting with the *Mosse* Action. (Momita Decl., ¶ 14.) Though this and the prior actions, the Parties also engaged in formal and

ARIAS SANGUINETTI WANG & TORRIJOS LLP

**ARIAS SANGUINETTI WANG & TORRIJOS LLP**

1
2
3
4
5
6
7

informal discovery including the exchange of written discovery responses and document requests, and dozens of plaintiff and percipient witness depositions as well as numerous expert and PMK depositions. (Momita Decl., ¶¶ 9, 10.) Plaintiffs' Counsel also invested significant time reviewing and analyzing relevant documents and data to evaluate Plaintiffs' claims, including, but not limited to, calculating the potential monetary recovery under the PAGA. (Momita Decl., ¶ 13.)

8
9
10
11
12
13
14
15
16
17
18
19

If the case does not settle, the Parties would have conducted additional extensive formal discovery, including written discovery as well as multiple depositions of percipient witnesses, and potentially expert witnesses, to prepare the cases for trial. (Momita Decl., ¶ 19.) From the inception of this litigation, Defendants indicated, and Plaintiffs fully expected, that it would aggressively defend against Plaintiffs' allegations. (Arias Decl., ¶¶ 3, 8.) Even if Plaintiffs prevailed on some or all of their claims, litigating a complex PAGA action is inherently expensive, and the litigation could continue far beyond entry of judgment if either party appealed adverse rulings. (*Id.*) Avoiding these risks and the likelihood of future contentious litigation, which would involve significant costs, in favor of securing some civil penalties at this juncture, favors settlement.

20

### D. The Settlement Is Fair

21
22
23
24
25
26

"[T]he very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Service Com'n of City and County of San Francisco* (9th Cir. 1982) 688 F.2d 615, 624 (citations omitted).) "The proposed Settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at p. 625.

27
28

The PAGA provides for a penalty of $100.00 for each aggrieved employee per pay period for the "initial violation" and $200.00 for each

aggrieved employee per pay period for each "subsequent violation". (Cal. Lab. Code, § 2699, subd. (f)(2).) The Court has discretion to award less than the maximum penalty if based on the facts and circumstances of a particular case to do otherwise would result in an award that is unjust, arbitrary and oppressive or confiscatory. (Cal. Lab. Code, § 2699, subdivision (e)(2)). Key factors considered by the court in determining whether the penalty is appropriate is whether employees suffered real injury due to violations, whether employer acted in bad faith, whether there are good faith disputes of law and fact, and the employer's financial condition. *Flemming v. Covidien, Inc.* 2011 WL 756304718, at \*4 (C.D. Cal., Aug. 12, 2011); *Serrano v. Swissport North America, Inc.* (C.D. Cal., June 3, 2013, No. CV 13- 2108-GW(PLAX)) 2013 WL 12145614, at \*6; *Aguirre v. Genesis Logistics* (C.D. Cal., Dec. 30, 2013, No. SACV1200687JVSANX) 2013 WL 10936035, at \*3; *Cotter v. Lyft, Inc.* (N.D. Cal. 2016) 193 F. Supp. 3d 1030.

In this case, Defendants assert that, at a minimum, significant evidence supports its contention that store-based managers are primarily engaged in activity that meets California's requirements for the Executive Exemption of California Wage Order 7. At the same time, Defendants have placed increased emphasis on meeting that standard as a result of this and prior litigation. As such, resolution of this case is in the interest of both Defendants and its employees. Realistically, even if Plaintiffs were successful after a lengthy and expensive trial, possibly years from now, it is very possible Defendants' argument for reduction could persuade the Court to reduce substantially the amount of penalties awarded. Plaintiffs considered all of these risks and uncertainties in the law when evaluating the realistic value of the PAGA claims.

The Settlement is fair as it falls well within the range of acceptable settlements under all the circumstances, and it provides benefits to the State of

California and PAGA Settlement Group Employees. As explained above, Defendants have agreed to pay the Maximum Settlement Amount of $145,000.00. This amount includes no attorneys' costs, or service awards, and has been found to be a fair amount in similar cases even where plaintiffs have asked for much more. *See Fleming v. Covidien, Inc*., in which the court reduced the PAGA civil penalties from $2.8 million ($100 per violation) to $50,000, under Labor Code section 2699(e)(2). *Fleming*, No. 10-cv-1487, 2011 WL 7563047, at *4 (C.D. Cal. Aug. 12, 2011).

The result achieved in this case, and the monetary recovery provided by this Settlement, are well-within the range of an acceptable settlement under the circumstances, especially when compared to the settlement of PAGA claims in other cases. *See, e.g*., *DCH Auto Wage and Hour Cases*, Los Angeles County Superior Court, No. JCCP4833 (May 2017) (approving $15,000 out of $4 million toward settlement of PAGA claims); *Garcia v. Gordon Trucking, Inc.* (E.D. Cal., Oct. 31, 2012, No. 1:10-CV-0324 AWI SKO) 2012 WL 5364575, at *3 (approving $10,000.00 out of $3.7 million toward settlement of PAGA claims); *Schiller*, *supra*, 2012 WL at p. at *14 (approving $7,500.00 out of $518,245.00 toward settlement of PAGA claims); *Chu*, *supra*, 2011 WL at p. at *1 (approving $10,000.00 out of $6.9 million toward settlement of PAGA claims); *Franco*, *supra*, 2012 WL at p. at *14 (approving the amount of $10,000 out of $2.5 million toward settlement of PAGA claims); *Nordstrom Com. Cases*, *supra*, 186 Cal. App. 4th at p. 589 (finding no abuse of discretion by the trial court in approving a settlement that allocates $0 toward the settlement of PAGA claims that were at issue in the lawsuit). Here, the value obtained for settlement of the PAGA claims is reasonable – especially in light of the results in these cases between the parties (or their counsel) over the years, and it will be distributed in accordance with and in fulfillment of the objectives of the PAGA statute.

### E. The Experience and Views of Plaintiffs' Counsel Favor Approval of the Settlement

Plaintiffs' counsel is experienced in complex representative and class action wage-and-hour litigation. (Momita Decl., ¶ 17.) In Plaintiffs' counsel's view, the benefit conferred by the Settlement is eminently fair and reasonable and is in the best interests of the State and the PAGA Settlement Employees in light of the risk, delay, and uncertainty of continued litigation and the monetary benefits provided for by the Settlement. (Momita Decl., ¶ 20.) Furthermore, courts have acknowledged that "the interests of plaintiff, counsel, and other potentially aggrieved employees are largely aligned. All stand to gain from proving as convincingly as possible as many Labor Code violations as the evidence will sustain[.]" *Williams*, *supra*, 3 Cal. 5th at p. 548–49 (*citing* Lab. Code, § 2699, subd. (g)(1)(i).

## VII. ATTORNEY FEES REQUESTED ARE REASONABLE – LODESTAR METHOD

The most widely accepted approach for determining a "reasonable" fee award is the "lodestar" method—i.e., multiplying the *number of hours reasonably expended* on the litigation by a *reasonable hourly rate*. See, e.g., *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air* (1986) 478 US 546, 564. The lodestar figure is calculated using the reasonable rate for comparable legal services in the local community for noncontingent litigation of the same type, multiplied by the reasonable number of hours spent on the case. *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131-1132; *Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1242-1243.

The number of hours reasonably worked is determined by looking at the time reasonably spent on a matter, including time spent drafting and revising pleadings, meeting with clients, preparing the case for trial, and handling an appeal. See *Serrano v. Priest* (1977) 20 Cal.3d 25, 48-49, fn. 23. Reasonable

ARIAS SANGUINETTI WANG & TORRIJOS LLP

ARIAS SANGUINETTI WANG & TORRIJOS LLP

1  hours may include time spent by more than one attorney on a particular issue

2  or task, provided there is no duplication of effort. *Horsford v. Board of*

3  *Trustees of Calif. State Univ.* (2005) 132 Cal.App.4th 359, 396. Time spent by

4  paralegals and law clerks may be included where the prevailing practice in the

5  community is for attorneys to bill separately for paralegal and law clerk

6  services. *Guinn v. Dotson* (1994) 23 Cal.App.4th 262, 269.

7      In determining a reasonable rate for the attorney's services, courts

8  usually consider the prevailing rate charged by attorneys of similar skill and

9  experience for comparable legal services in the community; the nature of the

10  work performed; and the attorney's customary billing rates.  (See *Serrano v.*

11  *Unruh* (1982) 32 Cal.3d 621, 643.)

12      A party seeking attorney's fees bears the burden of demonstrating that

13  the rates requested are "in line with the prevailing market rate of the relevant

14  community." *Carson v. Billings Police Dep't.* (9th Cir. 2006) 470 F.3d 889,

15  891. Generally, "the relevant community is the forum in which the district

16  court sits." *Camacho v. Bridgeport Fin., Inc.* (9th Cir. 2008) 523 F.3d 973,

17  979. Typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys

18  regarding prevailing fees in the community, and rate determinations in other

19  cases … are satisfactory evidence of the prevailing market rate." *United*

20  *Steelworkers of Am. v. Phelps Dodge Corp.* (9th Cir. 1990) 896 F.2d 403, 407.

21      Here, Plaintiff is seeking a fee award of 47,850.00, for the work incurred by

22  his attorneys and their professional staff. This amount is less than Plaintiffs'

23  counsel's lodestar of $133,320.00.  As set forth below, the lodestar includes the

24  time devoted by Plaintiff's attorneys.  The lodestar for Plaintiffs' attorneys is

25  calculated using current hourly billing rates as follows:

26  ///

27  ///

28  ///

| Name | Rate | Hours | Total |
|---|---|---|---|
| Mike Arias (partner) | $1,050.00 | 15.40 | $   16,170.00 |
| Craig S. Momita (senior associate) | $750.00 | 156.2 | $   117,150.00 |
| | **Total:** | 171.6 | $   133,320.00 |

(Arias Decl. ¶ 4.)

As set forth in the accompanying Declarations of Mike M. Arias and Craig S. Momita, the attorney's fees and expenses incurred by Plaintiffs' counsel to date are reasonable and exceed the amounts sought in the instant motion. (Arias Decl., ¶¶ 5, 6, 7.)

## VIII. THE PROPOSED NOTICE TO THE PAGA SETTLEMENT GROUP EMPLOYEES SHOULD BE APPROVED

The Parties prepared, and Plaintiffs present for the Court's consideration and approval, the proposed Notice of Settlement (Civil Penalties Settlement Payment from *Kaveh Naderi, et al. v. Garfield Beach CVS, LLC*, et al. Lawsuit) for transmission to the PAGA Settlement Employees, substantially in the form attached as Exhibit 2 to the Momita Decl. The proposed Notice informs the PAGA Settlement Employees about this action and the Settlement. Accordingly, the Parties respectfully request that the Court approve the proposed Notice of Settlement for transmission to the PAGA Settlement Employees.

## IX.  CONCLUSION

The Settlement is fair, adequate, and reasonable, as it represents a reasoned compromise of disputed claims that has been reached through hard-fought negotiations in good faith, and considers the risks, complexity, and expense of further litigation. The Parties therefore respectfully request that the Court approve the Settlement, including the plan of allocation and distribution of the Total Settlement Amount for payments to the LWDA and the PAGA

ARIAS SANGUINETTI WANG & TORRIJOS LLP

Settlement Employees, and award attorney fees in the amount of $47,850.00.

Dated:  November 23, 2021          **ARIAS SANGUINETTI WANG**
                                  **& TORRIJOS, LLP**


By: _____
MIKE ARIAS
CRAIG S. MOMITA
Attorneys for Plaintiffs

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PAGA
SETTLEMENT