Mike Arias (SBN 115385)
  mike@aswtlawyers.com
Alfredo Torrijos (SBN 222458)
  alfredo@aswtlawyers.com
Craig S. Momita (SBN 163347)
  craig@aswtlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile:  (310) 861-0168

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH NADERI, et al.,<br><br>   Plaintiffs,<br><br>   vs.<br><br>GARFIELD BEACH CVS, L.L.C., et al.,<br><br>   Defendants. | Case No. 2:20-cv-05287- FLA (AFMx)<br><br>Hon. Fernando L. Aenlle-Rocha<br>Courtroom: 6B<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE SETTLEMENT PURSUANT TO THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT [CAL. LAB CODE § 2699(L)] AND ENTER FINAL JUDGMENT**<br><br>Hearing Date: January 28, 2022<br>Time: 1:30 p.m.<br>Courtroom.: 6B |

# JUDGMENT

WHEREAS, on January 28, 2022, at 1:30 p.m., Plaintiffs Kaveh Naderi, Magdy Sedra and Rodney Philippi's ("Plaintiffs") Motion to Approve Settlement Pursuant to the Labor Code Private Attorneys General Act and Enter Final Judgment ("PAGA Approval Motion") was heard by this Court pursuant to California Labor Code section 2699, subdivision (l)(2). Following the Court's consideration of that motion, the Court issued this order as set forth herein.

1. Upon consideration of the PAGA Approval Motion, and all exhibits in support thereof, including the Private Attorneys General Settlement Agreement and Release ("Settlement"),[1] all pleadings, and for good cause shown, the Court hereby GRANTS the motion.

2. The PAGA penalties secured by the Settlement are genuine and meaningful, and fulfill the PAGA's underlying purpose to benefit the public.

3. The Settlement requires Defendants Garfield Beach CVS, LLC, Longs Drug Stores California, LLC ("Defendants") to pay the maximum amount of One Hundred and Forty-Five Thousand Dollars and Zero Cents ($145,000.00) ("Maximum Settlement Amount") to settle the claims for PAGA penalties based on the alleged violations of the California Labor Code as asserted in this action. The Settlement includes 557 PAGA Settlement Employees.

4. Pursuant to PAGA (Labor Code section 2699 *et seq.*), the Court hereby approves the Settlement and finds that it is fair and reasonable and furthers PAGA's objectives. The Court further finds, approves, and adjudges that under the terms of the Settlement:

   a. Defendants will pay a Maximum Settlement Amount of $145,000.00 to settle the PAGA claim, which includes: (1) the PAGA Payment (as defined below); (2) Plaintiffs' Counsel's attorney's fees (not to

---

[1] Capitalized terms herein have the definitions assigned to them in the Settlement unless otherwise indicated.

exceed 33 percent of the Maximum Settlement Amount, i.e., the sum of $47,850.00); and (3) Settlement Administration Costs ($6,500.00). The PAGA Payment is the remaining portion of the Maximum Settlement Amount after deducting Plaintiffs' Counsel's attorney fees as approved by the Court ($47,850.00), and Settlement Administration Costs ($6,500.00) for a total of Ninety Thousand Six Hundred and Fifty Dollars ($90,650.00). $90,650.00 represents the amount payable in this settlement for PAGA civil penalties, 75% of which will be paid to the California Labor Workforce Development Agency ("LWDA") ($67,987.50) and 25% of which will be paid to the PAGA Settlement Employees ($22,662.50). Plaintiffs and Defendants shall bear their own costs.

  c. The PAGA Payment shall be allocated as required by Labor Code section 2699(i), as follows:

  (1) The LWDA shall receive seventy-five percent (75%), or sixty-seven thousand nine hundred and eighty-seven dollars and fifty cents ($67,987.50), to settle the claims for PAGA penalties based on the alleged violations of the Labor Code as asserted in this action.

  (2) The PAGA Settlement Employees shall receive twenty-five percent (25%), or twenty-two thousand six hundred and sixty-two dollars and fifty cents ($22,662.50), which shall be allocated to the PAGA Settlement Employees under the terms of the Settlement.

  5. All payments under the Settlement shall be wired by Defendants to the Settlement Administrator within thirty (30) calendar days of the Effective Date.

  6. By operation of this Final Order and Judgment, Plaintiffs (which includes any legal heirs and/or successors-in-interest of each and every Plaintiff), the State of California LWDA, fully release and discharge Defendants Garfield Beach CVS, LLC, Longs Drug Stores California, LLC, and their parents,

subsidiaries, affiliates, owners, predecessors, successors, and associated organizations, past and present, and each of their respective trustees, directors, officers, agents, joint employers, attorneys, managing agents, employees, contractors, insurers, representatives, assigns, all persons acting by, through, under, or in concert with any of them, and/or all persons acting on behalf of them (collectively, the "Releasees"), from any and all claims against Releasees that have been or could have been asserted under PAGA based upon any or all of the facts and theories, California Labor Code violations, and/or associated Wage Order violations, alleged in this action and/or in the May 14, 2020 LWDA PAGA Notice Letters sent on behalf of Plaintiffs, by Plaintiffs in their representative capacities as authorized proxies and agents for the State of California and the LWDA and as private attorney general acting on behalf of themselves and the PAGA Settlement Employees, for civil penalties under PAGA, including, but not limited to, the alleged: failure to reimburse expenses (Cal. Labor Code § 2802); failure to timely pay wages due (Cal. Labor Code §§ 200-204); failure to furnish accurate wage statements (Cal. Labor Code §§ 226, 226.3); failure to provide meal and rest periods (Cal. Labor Code §§ 226.7, 512); failure to pay overtime wages (Cal. Labor Code §§ 510, 558, 1194, 1198); failure to maintain payroll records (Cal. Labor Code §§ 1174, 1174.5); and failure to pay minimum wages (Cal. Labor Code §§ 1182.12, 1197, 1197.1, 1198, 1199) that accrued through and including the Approval Date, i.e., the date that the Court enters this Order (the "PAGA Released Claims").

7. This Judgment is intended to be a final disposition of this action as to Defendants and the Parties hereby waive rights to appeal this Judgment.

8. This Court shall retain jurisdiction with respect to all matters related to the Settlement, and any and all claims, asserted in, arising out of, or related to

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE PAGA SETTLEMENT

the subject matter of the lawsuit, including, but not limited to all matters related to the settlement and the determination of all controversies relating thereto.

9. The Court directs that a judgment be entered in accordance with the terms of this Order.

10. The Court sets a hearing for an Order to Show Cause (OSC) regarding dismissal of the Action for _____ (14 calendar days after the deadline for the distribution of all payments under the Settlement, as set forth in Paragraph 5), to be heard on that day at _____, in Courtroom 6B.

11. All other dates are advanced and vacated.

IT IS SO ORDERED.

DATED: _____    _____
UNITED STATES DISTRICT COURT JUDGE