UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05287-FLA (AFMx) | Date | September 29, 2022 |
| Title | Kaveh Naderi, et al., v. Garfield Beach CVS, L.L.C., et al. | | |

| Present: The Honorable | FERNANDO L. AENLLE-ROCHA<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Freeman | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE SETTLEMENT PURSUANT TO THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 AND ENTER FINAL JUDGMENT [DKTS. 40, 46]**

Before the court is Plaintiffs Kaveh Naderi, Magdy Sedra, and Rodney Philippi's (collectively, "Plaintiffs") Motion to Approve Settlement Pursuant to the Labor Code Private Attorneys General Act and Enter Final Judgment ("Motion"). Dkts. 40, 46 ("Mot.").[1] On January 23, 2022, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for January 28, 2022. Dkt. 47; see Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated herein, the court GRANTS Plaintiffs' Motion and APPROVES the parties' settlement, as modified herein.

**BACKGROUND**

This employment action arises from Defendants Garfield Beach CVS, L.L.C. and Longs Drug Stores California, L.L.C.'s (collectively, "Defendants") alleged violations of California Labor Code provisions. In the Second Amended Complaint ("SAC"), Plaintiffs allege ten (10) causes of action against all Defendants for: (1) failure to reimburse employee expenses, Cal. Lab. Code § 2802; (2) unfair competition, Bus. & Prof. Code § 17200 et seq.; (3) unlawful nonpayment of overtime compensation, Cal. Lab. Code §§ 200, 226, 510, 558, 1194, Title 8 Cal. Code of Reg. § 11070; (4) failure to compensate for all hours worked, Cal. Lab. Code §§ 200, 226, 510, 558, 1194, Title 8 Cal. Code of Reg. § 11070; (5) unfair business practices, Bus. & Prof. Code § 17200 et seq.; (6) failure to pay wages upon

---

[1] Plaintiffs filed the Motion and supporting papers twice, on November 12, 2021 (Dkt. 40), and November 23, 2021 (Dkt. 46). The court, therefore, will address both filings through this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05287-FLA (AFMx) | Date | September 29, 2022 |
| Title | Kaveh Naderi, et al., v. Garfield Beach CVS, L.L.C., et al. | | |

discharge, Cal. Lab. Code §§ 201, 203; (7) failure to provide meal breaks, Cal. Lab. Code §§ 226.7, 512; (8) failure to provide rest breaks, Cal. Lab. Code § 226.7; (9) failure to furnish wage and hour statements based on their alleged misclassification as exempt employees, Cal. Lab. Code §§ 226, 226.3, 558 et seq., 1174; and (10) penalties pursuant to California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698 et seq. Dkt. 26.

Defendants deny all the allegations in this action. Mot. 12.[2] To avoid further litigation, the parties reached an agreement to compromise and settle all PAGA claims. *Id.* On July 21, 2021, Defendants filed a Notice of Settlement. Dkt. 36. Plaintiffs now move the court to approve the settlement of the PAGA claims.

**DISCUSSION**

**I.    Legal Standard**

The California Legislature enacted PAGA "to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts." *Arias v. Super. Ct.*, 46 Cal. 4th 969, 980 (2009); *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014) ("If the California Labor and Workforce Development Agency ('LWDA') declines to investigate an alleged labor law violation or issue a citation, an aggrieved employee may commence a PAGA action against an employer 'personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations.'"). An "aggrieved employee" is defined as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c).

Employees bringing civil actions under PAGA do so "as the proxy or agent of the state's labor law enforcement agencies." *Arias*, 46 Cal. 4th at 986. Therefore, an action for civil penalties under PAGA "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties." *Id.* "Because an aggrieved employee's action under [PAGA] functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government." *Id.*

To bring an action for civil penalties under PAGA, employees must first give written notice to the LWDA and the employer of the specific Labor Code provisions alleged to have been violated, including the facts and theories to support the alleged violation. Cal. Lab.

---

[2] The court refers to the ECF stamped page numbers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05287-FLA (AFMx) | Date | September 29, 2022 |
| Title | Kaveh Naderi, et al., v. Garfield Beach CVS, L.L.C., et al. | | |

Code § 2699.3(a)(1). Employees may commence a civil action upon receipt of the LWDA's notice that it does not intend to investigate the alleged violations or within 65 calendar days of the date notice was given to the LWDA. *Id.* § 2699.3(a)(2)(A)-(B).

Under PAGA, 75 percent of civil penalties recovered by the employee must be distributed to the LWDA, which directs the funds to the enforcement of labor laws and education of employers and employees about their rights and responsibilities under the Labor Code. *Id.* § 2699(i). The employee recovers the remaining 25 percent. *Id.*

PAGA requires judicial review of "any penalties sought as part of a proposed settlement agreement pursuant to this part." *Id.* § 2699(*l*)(2). A copy of the proposed settlement must be submitted to the agency at the same time it is submitted to the court. *Id.* Despite requiring judicial review, "[t]he Act is surprisingly short on specifics, and neither the California legislature, the LWDA, nor California courts have set out the appropriate standard for approval of such a settlement." *Cresci v. Cox Auto. Corp. Servs., Inc.*, No. 2:20-cv-06832-VAP (SKx), 2021 WL 2954086, at *2 (C.D. Cal. May 5, 2021) (citing *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 253 F. Supp. 3d 1074, 1075 (C.D. Cal. 2017)) (internal quotations omitted).

Courts in this Circuit typically approve settlement of PAGA claims if the settlement is fair and reasonable in light of PAGA's policies and purposes. *Id.*; *Flores*, 253 F. Supp. 3d at 1077. These policies and purposes include "benefitting the public by augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance." *Jordan v. NCI Grp., Inc.*, No. 5:16-cv-01701-JVS (SPx), 2018 WL 1409590, at *2 (C.D. Cal. Jan. 5, 2018) (citing *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1132-33 (N.D. Cal. 2016)).

**II.   Analysis**

    **A.   Statutory Requirements**

In accordance with the statutory requirements, Plaintiffs submitted notices of the alleged violations to the LWDA prior to bringing this action. Dkt. 46-2 ("Momita Decl.") ¶ 5, Ex. 3. Plaintiffs also submitted the underlying proposed settlement to the LWDA. *Id.* ¶ 6. Therefore, these requirements are met. *See* Cal. Lab. Code, § 2699 (*l*)(1).

    **B.   Reasonableness of PAGA Settlement**

In reviewing the terms of a settlement agreement, the court determines whether the settlement is fair, reasonable, and adequate to all concerned and not the product of fraud, collusion, or overreaching. *Reed v. United Teachers Los Angeles*, 208 Cal. App. 4th 322, 337 (2012). Although Plaintiffs have already dismissed their class action claims, Dkt. 25, the same factors considered in evaluating the reasonableness of class actions are relevant to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05287-FLA (AFMx) | Date | September 29, 2022 |
| Title | Kaveh Naderi, et al., v. Garfield Beach CVS, L.L.C., et al. | | |

consideration of settlements under the PAGA. Courts analyzing the fairness of settlement agreements in the class action context have found "a presumption of fairness exists where: (1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1802 (1996).

Here, the primary terms of the parties' proposed settlement are as follows. The total amount of the settlement is $145,000.00, consisting of $90,650.00 in PAGA penalties, $6,500.00 in settlement administration costs, and $47,850.00 in attorney's fees to be paid to Plaintiffs' counsel. Momita Decl. Ex. 1 at ¶¶ 2.10, 2.12, 4.1, 4.2.1. The PAGA penalties will be divided, such that 75% or $67,987.50 will be paid to LWDA directly and 25% or $22,662.50 will be paid to the PAGA Settlement Employees (who are defined as all individuals employed by Defendants as current or former exempt Store Managers in California from May 14, 2019, through the court's approval order date). *Id.* ¶¶ 2.13, 2.16.

PAGA provides for civil penalties of $100 for each aggrieved employee per pay period for an initial violation and $200 per pay period for each subsequent violation. Cal. Lab. Code § 2699(f)(2). The parties estimate there are approximately 557 aggrieved employees. Mot. 10. There is no evidence before the court to demonstrate exactly how many periods the violations spanned or whether they were initial or initial and subsequent violations. Nevertheless, the court finds the proposed settlement amount is reasonable and fair, given the parties' estimate of the number of aggrieved employees and the limited time period at issue. The settlement also does not include attorney's costs or service awards, and is well within the range of settlement agreements approved in similar cases. *See* Mot. 26.

The court additionally finds the settlement is entitled to a presumption of fairness. The parties appear to have arrived at the settlement amount with the benefit of informal discovery, experienced counsel, and a neutral mediator. Momita Decl. ¶¶ 7, 10-11, 17. The court also notes that the LWDA has not filed any comments or objections to the proposed settlement. These factors support a finding that the settlement represents an arm's length transaction untainted by self-dealing or other potential misconduct. *See Reed*, 208 Cal. App. 4th at 337. This is sufficient to establish a presumption of fairness. *See Dunk*, 48 Cal. App. 4th at 1802.

The court further finds this settlement is reasonable given the potential risks Plaintiffs faced if they were to bring the action to trial. Plaintiffs contend they were misclassified as exempt store managers under California's wage orders and related statutes. Mot. 22-23. Defendants, however, maintained throughout the litigation that Plaintiffs were properly classified as exempt employees, and that Defendants had legally compliant policies. *Id.* at 23. Further, Defendants asserted several defenses which could have eliminated or substantially reduced Plaintiffs' recovery. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05287-FLA (AFMx) | Date | September 29, 2022 |
| Title | Kaveh Naderi, et al., v. Garfield Beach CVS, L.L.C., et al. | | |

Additionally, the settlement properly divides the civil penalties. In accordance with Cal. Labor Code § 2699(i), the settlement provides that 75% of the PAGA penalty will be paid directly to the LWDA and 25% of the penalty will be paid to the PAGA settlement employees. Momita Decl. Ex. 1, at ¶ 2.12.

Finally, Plaintiffs request the court approve attorney's fees in the amount of $47,850.00, which represents 33% of the total settlement. Mot. 28-29. Under PAGA, an aggrieved employee who prevails in an action is entitled to an award of reasonable attorney's fees and costs. Cal. Lab. Code § 2699(g)(1). District courts have discretion to choose between a lodestar method and percentage method to calculate fees in a class action. *Abelar v. Am. Residential Servs., L.L.C.*, No. 5:19-cv-00726-JAK (JPRx), 2019 WL 6054607, at *5 (C.D. Cal. Nov. 14, 2019) (citing *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)). Courts may also choose one method and cross-check with the other. *Id.* For class action settlements, the Ninth Circuit has established 25% of the total recovery as a benchmark award for attorney's fees. *Id.* (citing *Staton v. Boeing Co.*, 327 F. 3d 938, 968 (9th Cir. 2003)).

In support of their attorney's fee request, Plaintiffs' counsel submit evidence including a declaration establishing counsel's credentials and relevant litigation experience, attorney time sheets, and market rate fee schedule. Dkt. 46-1 ("Arias Decl.") at ¶¶ 4-13, Exs. 4-6. Plaintiffs state the total fees incurred to represent Plaintiffs in this action were $133,320.00, for 171.6 total work hours, which comprises 15.4 hours by Mike Arias ("Arias"), a partner billing at $1,050 per hour, and 156.2 hours by Craig S. Momita, a senior associate billing at $750 per hour. Mot. 28-29; Arias Decl. ¶ 4. Although Plaintiffs' requested amount of attorney's fees of $47,850.00 is significantly lower than their calculated lodestar, the court is not persuaded that counsel is entitled to attorney's fees greater than a benchmark award of 25% of the total settlement.

Notably, Plaintiffs' lodestar calculation appears to include all services rendered in this matter, including for legal services rendered in connection with Plaintiffs' individual and class action claims which were dismissed prior to the filing of the SAC. *Compare* Arias Decl. Exs. 5-6 *with* Dkt. 23 (Joint Stipulation to Dismiss Plaintiffs' individual and class claims). Furthermore, counsel's billing records appear to include duplicative entries that claim the exact same amount of time for each of the three named Plaintiffs for tasks, Arias Decl. Ex. 6 at 18-19 (requesting same amount of time for each discovery-related task for each Plaintiff, and 0.7 hours to review the proposed settlement for each Plaintiff), as well as entries for time incurred in connection with other matters, *id.* at 19 (requesting 10.1 hours for reviewing and analyzing documents and discovery in unrelated cases). Finally, the court finds Plaintiffs' requested hourly rates are not sufficiently supported and unreasonable, particularly considering that certain tasks such as the initial drafting of pleadings and discovery could have been performed by a more junior attorneyor at a reduced hourly rate. *See* Arias Decl. ¶¶ 10-11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05287-FLA (AFMx) | Date | September 29, 2022 |
| Title | Kaveh Naderi, et al., v. Garfield Beach CVS, L.L.C., et al. | | |

     The court, therefore, finds a benchmark award of 25% of the total $145,000.00 settlement is reasonable, and reduces Plaintiffs' recoverable attorney's fees to $36,250.00. Pursuant to the settlement agreement, an approval of less than the amount requested does not constitute grounds to void the settlement.   Momita Decl. Ex 1 at ¶ 4.6.

     In sum, the court finds that the proposed settlement is reasonable as modified: from the total settlement amount of $145,000.00, $6,500.00 will be allocated to settlement administration, $36,250.00 in attorney's fees to Plaintiffs' counsel, and the remaining $102,250.00 shall constitute PAGA penalties.   The PAGA penalties will be divided, such that 75% or $76,687.50 will be paid to LWDA directly and 25% or $25,562.50 will be paid to the PAGA Settlement Employees.

**<u>CONCLUSION</u>**

     After reviewing the submitted papers and the circumstances of the case, the court finds that the proposed settlement is reasonable, subject to the modification of attorney's fees.   Accordingly, the court APPROVES the settlement, as modified, and GRANTS Plaintiffs' Motion (Dkts. 40, 46).   Within fourteen (14) days of this order, the parties shall submit an updated Proposed Judgment to the court at its email address (FLA_Chambers@cacd.uscourts.gov) as a Word document.

     IT IS SO ORDERED.

                                                                                                :

Initials of Preparer   tf