JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH NADERI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GARFIELD BEACH CVS, L.L.C., et al., <br><br> Defendants. | Case No. 2:20-cv-05287-FLA (AFMx) <br><br> **FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE SETTLEMENT PURSUANT TO THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004** |

# JUDGMENT

WHEREAS, on January 28, 2022, Plaintiffs Kaveh Naderi, Magdy Sedra and Rodney Philippi's (collectively, "Plaintiffs") Motion to Approve Settlement Pursuant to the Labor Code Private Attorneys General Act and Enter Final Judgment ("Motion") was set for hearing before this court pursuant to California Labor Code § 2699(*l*)(2). Dkts. 40, 46. On January 23, 2022, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for January 28, 2022. Dkt. 47.

1. On September 29, 2022, following consideration of the Motion and all exhibits submitted in support thereof, including the Private Attorneys General Act Settlement Agreement and Release ("Settlement"),[1] all pleadings, and for good cause shown, the court granted the Motion and directed that a judgment be entered in accordance with the terms of its Order. Dkt. 48.

2. The Settlement requires Defendants Garfield Beach CVS, LLC, and Longs Drug Stores California, LLC ("Defendants") to pay the maximum amount of One Hundred and Forty-Five Thousand Dollars and Zero Cents ($145,000.00) ("Maximum Settlement Amount") to settle the claims for penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA," Cal. Labor Code § 2699 et seq.), based on the alleged violations of the California Labor Code asserted in this Action.

3. As stated in the Order, the court finds the PAGA penalties secured by the Settlement are genuine, meaningful, and fulfill the PAGA's underlying purpose to benefit the public.

4. Pursuant to the PAGA, the court hereby APPROVES the Settlement and finds that it is fair and reasonable and furthers PAGA's objectives. The court further finds, approves, and adjudges that under the terms of the Settlement:

---

[1] Capitalized terms herein have the definitions assigned to them in the Settlement unless otherwise indicated.

      a.      Defendants will pay a Maximum Settlement Amount of $145,000.00 to settle the PAGA claim, which includes: (1) the PAGA Payment (as defined below); (2) Plaintiffs' Counsel's attorney's fees of 25 percent of the Maximum Settlement Amount (i.e., the sum of $36,250.00); and (3) Settlement Administration Costs ($6,500.00).  The PAGA Payment is the remaining portion of the Maximum Settlement Amount after deducting Plaintiffs' Counsel's attorney fees as approved by the court ($36,250.00), and Settlement Administration Costs ($6,500.00) for a total of One Hundred and Two Thousand Two Hundred and Fifty Dollars and zero cents ($102,250.00) payable in this settlement for PAGA civil penalties. Plaintiffs and Defendants shall bear their own costs.

      c.      The PAGA Payment shall be allocated as required by Labor Code section 2699(i), as follows:

(1) The LWDA shall receive seventy-five percent (75%), or seventy-six thousand six hundred and eighty-seven dollars and fifty cents ($76,687.50), to settle the claims for PAGA penalties based on the alleged violations of the Labor Code as asserted in this Action.

(2) The PAGA Settlement Employees shall receive twenty-five percent (25%), or twenty-five thousand five hundred and sixty-two dollars and fifty cents ($25,562.50), which shall be allocated to the PAGA Settlement Employees under the terms of the Settlement.

5.      All payments under the Settlement shall be wired by Defendants to the Settlement Administrator within thirty (30) calendar days after the Effective Date.

6.      By operation of this Final Order and Judgment, Plaintiffs (including any legal heirs and/or successors-in-interest of each and every Plaintiff) and the LWDA fully release and discharge Defendants Garfield Beach CVS, LLC, Longs Drug Stores California, LLC, and their parents, subsidiaries, affiliates,

owners, predecessors, successors, and associated organizations, past and present, and each of their respective trustees, directors, officers, agents, joint employers, attorneys, managing agents, employees, contractors, insurers, representatives, assigns, all persons acting by, through, under, or in concert with any of them, and/or all persons acting on behalf of them (collectively, the "Releasees") from any and all claims against Releasees that have been or could have been asserted under PAGA based upon any or all of the facts and theories, California Labor Code violations, and/or associated Wage Order violations, alleged in this Action and/or in the May 14, 2020 LWDA PAGA Notice Letters sent on behalf of Plaintiffs, by Plaintiffs in their representative capacities as authorized proxies and agents for the State of California and the LWDA and as private attorneys general acting on behalf of themselves and the PAGA Settlement Employees, for civil penalties under PAGA, including, but not limited to, the alleged: failure to reimburse expenses (Cal. Labor Code § 2802); failure to timely pay wages due (Cal. Labor Code §§ 200-204); failure to furnish accurate wage statements (Cal. Labor Code §§ 226, 226.3); failure to provide meal and rest periods (Cal. Labor Code §§ 226.7, 512); failure to pay overtime wages (Cal. Labor Code §§ 510, 558, 1194, 1198); failure to maintain payroll records (Cal. Labor Code §§ 1174, 1174.5); and failure to pay minimum wages (Cal. Labor Code §§ 1182.12, 1197, 1197.1, 1198, 1199) that accrued through and including the Approval Date, i.e., September 29, 2022 (the "PAGA Released Claims").

7. This Judgment is intended to be a final disposition of this Action as to Defendants, and the Parties hereby waive their rights to appeal this Judgment.

8. The Action is hereby dismissed in its entirety with prejudice. This court shall retain jurisdiction with respect to all matters related to the Settlement, and any and all claims asserted in, arising out of, or related to the subject matter of

the Action, including, but not limited to all matters related to the Settlement and the determination of all controversies relating thereto.

9. The court directs that a judgment be entered in accordance with the terms of its Order.

IT IS SO ORDERED.

Dated: October 27, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge